## The County of Linn v. Day, Adm'r.

1. EXECUTOR: ACTIONS AGAINST. It is not a prerequisite to the commencement and prosecution of proceedings against an administrator to correct errors in accounts taken between the plaintiff and the decedent, that a claim shall be stated, sworn to and filed in the office of the county judge.

*Appeal from Linn District Court.*

THURSDAY, APRIL 21.

FOR five years previous to the 1st day of January, 1860, the decedent, N. M. Day, was the recorder and treasurer of Linn county. In his settlement with the county judge,

The County of Linn v. Day.

as the law required, two errors or mistakes were made, both against the county, amounting in the aggregate to four hundred and seventy-six dollars and four cents. When discovered, the defendant was asked to correct the same, which she refused to do, and thereupon the plaintiff obtained permission to prosecute its remedy in the District Court. This proceeding in chancery followed, asking the Court to open the settlements aforesaid; to have a new accounting and to correct the error. By agreement of the parties, the cause was tried according to the second method of trying equitable issues and submitted to the Court, who found the facts and rendered judgment thereon as follows:

"That the defendant is the administratrix of the estate of N. M. Day, deceased; that said N. M. Day was recorder and treasurer of the county of Linn, State of Iowa, and acted as such from January 1st, A. D. 1855, to January 1st, A. D. 1860, inclusive; that said N. M. Day died on the 1st day of January, A. D. 1863; that while such Day was recorder and treasurer the said N. M. Day and the county judge of the county aforesaid, in behalf of the county of Linn, came to a mutual accounting in reference to the fiscal affairs of the county, and as to the amount of money which said Day, as such recorder and treasurer as aforesaid, had received, and also the amount which he had disbursed, and at that time, to wit, on the 15th day of September, A. D. 1859; and on said accounting a statement of said account was made in writing, when nothing was found due from said N. M. Day to the county of Linn, and nothing was found due from the county of Linn to said N. M. Day—it appearing from said statement that said Day had disbursed on account of the county of Linn the same amount which he had received on account of the county aforesaid; that in such settlement and statement, a mutual mistake occurred, whereof the said N. M. Day failed to charge himself with the sum of two hundred and eighty-one dollars and sixty

cents, which sum of money the said Day received as interest on delinquent taxes, from the 1st day of October, A. D. 1858, to the 15th day of September, A. D. 1859, in his capacity as treasurer of said county; and that said Day, his heirs or assigns, have never paid over said amount to the county aforesaid, or its representatives.

"The said mistake was not discovered by plaintiff till the 5th day of June, A. D. 1862, when defendant was requested to rectify and correct said mistake, which she refused to do.

"That, on the 8th day of June, A. D. 1856, the said N. M. Day and the county judge of the county aforesaid, came to an accounting in reference to the fiscal affairs of the county aforesaid, and as to the amount of money which said N. M. Day, as recorder and treasurer, as aforesaid, had received, and also the amount which he had disbursed, as such recorder and treasurer as aforesaid; and at that time a statement of said account was made in writing, whereby nothing was found due from the said Day to the county, and nothing found due from the county to the said Day — it appearing from said settlement and statement in writing, that said N. M. Day had disbursed, on account of the county aforesaid, the same amount which he had received on account of the county aforesaid; that an error occurred in said settlement, of which both parties were ignorant at that time; that said Day, in said settlement, was credited with the sum of $194.44 more than he was entitled to; that said Day, his representatives, heirs, nor assigns have ever accounted to the county for said sum; that the plaintiff did not discover said error in said settlement until the 5th day of June, A. D. 1862, and then immediately pointed out said error to defendant, and requested the correction and payment of the same, which the defendant refused; that on the 5th day of September, A. D. 1862, the plaintiff made application to the County

Court of Linn county, Iowa, that being the court which issued letters of administration to the defendant, authorizing her to administer upon the estate of the said N. M. Day, deceased, and being the court which had jurisdiction over the estate of the said N. M. Day, deceased, for authority to prosecute this cause, originally in the District Court of Linn county, Iowa, and that said application was granted, the following being a copy of the entry made in the records of the County Court aforesaid: In the matter of the application of the county of Lynn asking authority of the County Court to prosecute certain claims against the estate of N. M. Day, deceased, in the District Court of Linn county, Iowa; on the 5th day of September, A. D. 1862, the county of Linn makes a showing to this Court, that it has certain claims and demands against the estate of N. M. Day, deceased, which claims arose from mistakes and errors in certain fiscal statements between it and said N. M. Day, as treasurer and recorder of the county of Linn, Iowa, in his lifetime; and the county of Linn asks authority from this Court to prosecute said claims in the District Court of Linn county, Iowa; and it appearing that, in adjusting said demands, it will be necessary to open stated accounts, and restate the same; and it also appearing that the county of Linn is a party in said proceedings, and that said errors and mistakes were made a long time since; it is therefore adjudged by this Court that the county of Linn be authorized to prosecute said demands originally in the District Court of Linn county, Iowa.

"That the plaintiff never filed a sworn statement of this claim in the County Court of Linn county, Iowa, against the estate of said N. M. Day.

"And notwithstanding the foregoing facts found, my conclusion of law is, that inasmuch as said claim has not been stated, sworn to and filed with the County Court, that judg-

ment should be for defendant for costs, to which plaintiff excepts. Judgment accordingly.

"N. W. ISBELL, Judge, &c."

*Corbett* for the appellant.

*Smith* for the appellee.

LOWE, J. — The errors complained of are: First, that the Court erred in holding that the claim should have been sworn to and filed in the Probate Court. Secondly, in rendering judgment for defendant upon the facts found and entered of record.

The assignment is well made, and the errors must be sustained. The gist of the complaint (that of correcting a mistake in a settlement), is one first to be ascertained, and until the settlement is opened, and the error corrected, the plaintiff had not, in contemplation of law, any claims which he could swear to or file in the County Court. Besides, our interpretation of § 2391 of the Revision of 1860, which requires claims against an estate to be clearly stated, sworn to, and filed, is, that it simply supplies a rule of action, where the claim is intended to be collected of the administrator, by establishing the same in the County Court. If, however, the claim is peculiar in its nature, intricate or difficult to be established, or the jurisdiction of a court of equity is to be invoked; it is the right and privilege of the claimant to prosecute the same originally in the District Court, in some cases without, in others with, the approbation of the County Court, § 2295. In all such cases, the rule prescribed by § 2391, above referred to, has no application, and does not obtain. It is plain that a compliance with it would be a useless formality, for the reason that the decision of the District Court (or of this court, should the case be appealed), must be conclusive upon the administrator; and the County Court, in allowing or disallowing

the claim thus adjudicated.   Nevertheless, in the case before us, although the plaintiff had very fairly stated, and as fairly proved the mistakes in the settlement, and the defendant's consequent indebtedness, the Court held that it was not entitled to recover, because the plaintiff had not, prior to the commencement of its suit, sworn to and filed with the County-Court, its claim.

This is clearly a misapprehension of the statute regulating the proof and establishment of claims against the estates of decedents, and the judgment will be reversed and the cause remanded.

Reversed.