Cooley v. Smith.

---

COOLEY v. SMITH, Executor.

1. **Judgment** OF SUPREME COURT. A judgment of the Supreme Court cannot be collaterally impeached, on the ground that the court, in the opinion filed in the case, directed that a different judgment be entered.

2. **Executors:** STATUTE OF LIMITATIONS. When an action is commenced in the District Court, upon a claim against an executor of which such court has jurisdiction, within six months after the publication of the notice of the appointment of the executor, the judgment, when rendered, should be allowed and paid, as a claim of the third class, notwithstanding the judgment is not filed in the County Court until after the expiration of one year and a half after such publication.

3. **Jurisdiction** OF COURTS. The District Court has concurrent jurisdiction with the County Court in the allowance of mere money demands against an estate; and has exclusive jurisdiction when a lien is to be enforced.

4. Executor: LEAVE TO SUE IN DISTRICT COURT. While a mere money demand may be prosecuted in the District Court, only upon leave granted by the County Judge, the failure to obtain such leave must be set up as a defense to the action, and cannot be asserted for the first time against the judgment.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 11.

THE facts are sufficiently stated in the opinion of the court.

*Austin Adams* and *F. E. Bissell* for the appellants.

*John Hodgden* and *J. S. Covel* for the appellee.

COLE, J. — Frederick S. Jessup having died leaving a will, the same was duly proved in the County Court of Dubuque county, and letters of administration were granted to the defendants, at the November Term, 1856, of said court, and due notice thereof was immediately given. In January, 1857, James Dyer, Jr., brought suit in the District Court of Dubuque county, against the defendants, as executors, claiming that the testator, Jessup, in his lifetime, acting as agent for Dyer, sold certain real estate, and received certain railroad bonds and Iowa Land Company stock, which he retained, and, by false representations as to what he had received, made settlement with Dyer therefor. The petition offered to return what Dyer had received from Jessup, and asked that defendants be ordered to transfer the bonds and stock received, if still in their power to do so; if not, then a judgment for their value in money. Pending the suit, Dyer assigned his claim, and plaintiff became the owner thereof, and was substituted as plaintiff. At the March Term, 1859, a judgment was rendered by the District Court for plaintiff, for the sum of $15,978.99, and the defendants were ordered "to pay the said sum to the said Cooley, within thirty days from the rising of this court, and, in default of such payment, the said Cooley have exe-

cution therefor," &c. From this judgment, the defendants appealed to this court (*Dyer* v. *Executors of Jessup*, 11 Iowa, 118); and the opinion filed therein at the Davenport Term, 1860, after showing the amount received by defendants' testator, and that the judgment below was for too much, concludes as follows: "Computing the interest on this sum, from the first of December, 1856, to the first of December, 1860, when this decree will be entered, we have $15,957.65, for which the clerk is directed to enter up a judgment in behalf of the plaintiff for the use of the assignee, Cooley, and to tax the costs of this court to the appellee. Affirmed." The record of this court, at the December Term, 1860, however, shows a judgment of affirmance in the usual form, and procedendo awarded, which was duly issued.

On the third day of October, 1862, the plaintiff commenced this proceeding by filing in the office of the county judge of Dubuque county, a certified copy of the aforesaid judgment, &c., to be placed in the catalogue of established claims, and in the third class, and moved for an order directing the executors to pay and satisfy said judgment, &c., "and supported the same by affidavit of non-payment, &c. The defendants, on the hearing, appeared and filed their answer, setting up, *First*, That the judgment was appealed from to the Supreme Court, and another judgment ordered to be entered, whereby the judgment filed was not in force; *Second*, That more than eighteen months had elapsed since their appointment as executors, and due notice thereof given; and, *Third*, That more than eighteen months had elapsed since the judgment was rendered, and plaintiff's claim had not been stated, sworn to and filed. Upon the hearing, the County Court ordered that the claim filed be dismissed, &c., from which plaintiff appealed to the District Court, where a like judgment was entered, and the plaintiff appeals to this court.

I. That the opinion filed in this court directed a dif-

Cooley v. Smith.

**1. JUDG-**
**MENT of**
**Supreme**
**Court.**
ferent judgment to be entered, from that which was finally rendered, cannot be made available to the defendants in this proceeding. The final judgment cannot be thus collaterally impeached, because the opinion shows, or tends to show, that a different one should have been entered, any more than an ordinary judgment of the District Court may be collaterally impeached by showing that the facts upon which it appears to have been based, shows that a different judgment than the one recorded ought to have been rendered in the case.

II. The second ground of defense, is the statute of limitations. The provisions of our statute in relation to limitation of claims against an estate, are as follows:

**2. EXECU-**
**TORS: stat-**
**ute of**
**limitations.**

Revision, "§ 2931 (1359). Claims against the estate must be clearly stated, sworn to and filed. Ten days notice of the hearing, indorsed on a copy of the claim, must be served upon one of the executors, in the manner required for commencing actions in the District Court.

"§ 2405 (1373). All claims of the fourth of the above classes (all other debts), not filed and proved, within one year and a half of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."

That the claim in this case was not stated, sworn to and filed within eighteen months after notice of appointment of executors, is conceded by the plaintiff, and that suit was brought thereon in the District Court within six months of such appointment, and was pending therein when the eighteen months expired, and long after, is likewise conceded by defendants, and the only question under this clause of the answer, is, whether the case is within the statute. Under our statute, the County Court has general jurisdiction in the administration of estates, but this jurisdiction is not universal, nor entirely exclusive. For instance, Revision, § 2395 (1363), provides, that "claims

Cooley v. Smith.

for a mere money demand, where no lien is to be enforced, shall not, except with the approbation of the County Court, be prosecuted in the District Court." The District Court

**3. JURIS-** is a court of general jurisdiction, and under this
**DICTION**
**of courts.** section has concurrent jurisdiction with the County Court, for the allowance of a claim for a mere money demand. See *Sterritt* v. *Robinson, Ex'r, infra.* Where a lien is to be enforced, the jurisdiction of the District Court is exclusive. As to all claims to be asserted against the estate, within and through the jursidiction of the County Court, they must be clearly stated, sworn to and filed, within the time provided by statute; notice given and proof made, as provided by section 2391, *supra*, and 2392. But where a claim must, or may properly be established in the District Court, there can be no necessity for also commencing proceedings upon such claim, in the County Court, by stating, swearing to, or filing it there. See *County of Linn* v. *Day*, 16 Iowa, 158. Such statement, swearing to and filing, is a part of the proceedings for the establishment of the claim in the County Court, and there can be no reason for commencing proceedings in a court or tribunal which possesses no power or jurisdiction to determine it, nor to commence two proceedings for the same cause. This view of the statute finds further confirmation in the provisions of section 2394, "all claims not established in the District Court, must be submitted to, and passed upon in the County Court." And section 2405, *supra*, especially relied upon by defendants, makes the exception of cases pending in the District Court. See, also, section 2415, *Woodward* v. *Laverty*, 14 Iowa, 381. We therefore conclude, that where the claim is sued upon before the statutory limitation expires, and is properly pending in the District Court, as in this case, that the limitation of the statute does not apply.

Whether the approbation of the County Court was given for the prosecution of the claim originally in the District

Cooley v. Smith.

3. EXECU- Court, does not appear. If it was not given, and
TOR: leave to sue, etc. was necessary, it was the duty of the defendants to object to the proceeding in the District Court on that ground; but, having failed to do so, and having appeared in the case, submitted to the jurisdiction of the court, and defended the claim on its merits, and judgment being rendered thereon, against them, it is too late now to assert such want of jurisdiction in this collateral way. It is probable, however, that the original claim in this case, would come under that class where a ".lien is to be enforced," since the plaintiff seeks by his suit to reach and subject to his claim the specific property received by the defendants' testator.

The original suit having been commenced within six months after the appointment of the executors, in the only court having jurisdiction to grant the entire relief asked for by the plaintiff, and which he was entitled to, by his averments; and the executors having had notice of such suit and claim within that time, we see no good reason why the plaintiff's claim ought not to. be paid with other third class claims. It is the duty of executors to take notice of claims thus properly prosecuted in the District Court and established there, and to pay them in their class; and a failure to do so would make them liable, to the same extent as a failure to pay a claim properly established in the County Court.

III. It follows from the view which we have taken of the law, as applicable to the second ground of defense, that the claim was properly established in the District Court; and being an established claim, therefore, the statute of limitations relied upon, which refers only to claims not established, can have no application, and cannot constitute a bar.

The judgment of the District Court is reversed and cause remanded there, with instructions to send the same to the County Court, with directions to make an order

that the executors pay the plaintiff's judgment *pro rata* with other third class claims against the estate, and judgment will be rendered in this court against appellees for costs.

Reversed and remanded.