RECONSTRUCTION FINANCE CORPORATION, Petitioner, v. E. W. DINGWELL, Judge, Fifth Judicial District, et al., Respondents.

No. 44084.

MARCH 15, 1938.

J. A. Devitt, Harold J. Fleck, and Vander Ploeg & Heer, for petitioner.

McCoy & McCoy and H. E. de Reus, for respondents.

RICHARDS, J.—The petitioner, Reconstruction Finance Corporation, claims that on June 10, 1936, it filed in the office of the clerk of the district court of Iowa in and for Marion County three claims against the executor of the estate of M. Verros, deceased. The estate was in the course of administration in that court, and the court was exercising the probate jurisdiction with which it was vested. The statutes of Iowa provide that claims filed against an executor or administrator of an estate during the first six months following the first publication or posting of the notice of the appointment are entitled to priority of payment with respect to claims subsequently filed. Petitioner claims that the date mentioned, June 10, 1936, was within such six months' period. On February 10, 1937, the Reconstruction Finance Corporation filed in the United States District Court for the Southern District of Iowa a petition against the executor and others as defendants, seeking to adjudicate in that court the validity of, and amount due upon, these claims. Notice of the pendency of the petition in the federal court was served upon the executor. Thereafter, he entered a special appearance to the petition alleging that the United States District Court was without jurisdiction to hear or determine the issues as to the validity or the amount of these claims. Upon a hearing the federal court overruled the special appearance and retained jurisdiction. After claimant had filed its petition in the federal court it filed in the district court of Marion County an objection to further proceedings in that court with respect to such issues. An amendment to this objection was filed later, in which were set out the proceedings in the federal court upon the executor's special appearance. Upon the objection as amended there was a hearing in the district court of Marion County. That court overruled the objection and held that it had jurisdiction to try

the validity of the claims and the amounts due thereon. To review this ruling a writ of certiorari was granted by this court. Return thereon has been made and the parties have been heard upon the certified record, proceedings, and facts.

The contention of petitioner is that the Marion County district court exceeded its proper jurisdiction and was acting or threatening to act illegally in the premises, in that, upon the institution of the proceedings in the federal court and the acceptance and retaining of jurisdiction by that court, it became vested with exclusive jurisdiction to try and determine the particular issues that were involved in the petition filed in that court by petitioner.

That the petitioner may institute suits in the United States courts is one of the provisions found in the act of Congress that created this corporation, and respondents raise no question upon that proposition. What respondents urge is that the filing of the claims in the state court, accompanied as in this case by service of notice on the executor of such filing, amounts to a demand for payment, and is the commencement of an action; that the commencement of such an action, followed by two postponements of the time for the hearing upon the claims in the state court, the postponements having been agreed upon by petitioner, is an election by petitioner of the court in which the proceedings are to be had, binding upon petitioner as an election in such manner that petitioner may not deny the exclusive jurisdiction of the state court to adjudicate the entire controversy, while the action is still there pending.

In Farmers Bank v. Wright, C. C., 158 Fed. 841, it was held that the filing of a claim against a decedent's estate with the clerk of the state court, within the prescribed time necessary to save it from the bar of the statute of limitations or to fix its classification, is but a reasonable precaution to fix its status, and does not defeat the jurisdiction of the proper circuit court of the United States to determine its validity or the amount due thereon. It was held that the proceedings to establish or prove the claim against the executor is essentially an independent suit *inter partes* and not a matter of pure probate jurisdiction as defined in In re Broderick's Will, 21 Wall. 503, 22 L. Ed. 599, and again in Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; and see Cooley v. Smith, 17 Iowa 99; McCrary v. Demming, 38 Iowa 527, 531; Clough v. Ide, 107

Iowa 669, 671, 78 N. W. 697. In Hess v. Reynolds, 113 U. S. 73, 5 S. Ct. 377, 378, 28 L. Ed. 927, a claim filed in a Michigan probate court was removed to the United States Circuit Court. In the opinion the United States Supreme Court had this to say:

"It may be convenient that all debts to be paid out of the assets of a deceased man's estate, shall be established in the court to which the law of the domicile has confided the general administration of these assets. And the courts of the United States will pay respect to this principle, in the execution of the process enforcing their judgments out of these assets, so far as the demands of justice require. But neither the principle of convenience, nor the statutes of a State, can deprive them of jurisdiction to hear and determine a controversy between citizens of different States, when such a controversy is distinctly presented, because the judgment may affect the administration or distribution in another forum of the assets of the decedent's estate. The controverted question of debt or no debt is one which, if the representative of the decedent is a citizen of a State different from that of the other party, the party properly situated has a right, given by the Constitution of the United States, to have tried originally, or by removal in a court of the United States, which cannot be defeated by State statutes enacted for the more convenient settlement of estates of decedents."

In Clark v. Bever, 139 U. S. 96, 11 S. Ct. 468, 470, 35 L. Ed. 88, it is said:

"It is suggested that the claim in suit here is a mere incident to the marshalling and distribution of the estate of Greene; that such estate can only be administered and distributed by the state court in accordance with the laws of the State; and that the Circuit Court of the United States was without jurisdiction to determine whether it was or not a valid claim against that estate. This position is wholly untenable. As the proceeding involved a judicial determination as to the liability of Greene's estate for the amount of Clark's claim, with parties before the court to contest all the questions of law and fact, it was clearly a 'suit,' within the meaning of the act of Congress providing for the removal of suits to the Circuit Courts of the United States. The removal in this case was, therefore, proper, unless

it be competent for a State, by legislative enactment conferring upon its own courts exclusive jurisdiction of all proceedings or suits involving the settlement and distribution of the estates of deceased persons, to exclude the jurisdiction of the courts of the United States even in cases where the constitutional requirement as to citizenship is met. But this court has decided, upon full consideration, that no such result can be constitutionally effected by state legislation.'' See, also, Pufahl v. Parks, 299 U. S. 217, 57 S. Ct. 151, 81 L. Ed. 133.

■■■ We are quite convinced, by reason of the overwhelming weight of the authorities, that respondent's position is untenable. The proceedings in the federal court did not attempt to draw in the res, the property of the estate. The only jurisdiction it assumed was the determination of the *inter partes* controversy with respect to the validity of an amount owing upon the claims. It is to be assumed that the federal court will certify to the state court the result of such determination, contemplating that the state court, giving recognition to the finding of the federal court, will make such order with respect to payment from the assets of the estate of any amount found due as may accord with the laws of Iowa pertaining to the administration of decedents' estates. We are of the opinion that the claimant by filing his claim was not barred from proceeding as he did in the federal court.

■■■ The fact that there were two agreed postponements of time for a hearing in the state court does not present any insuperable difficulty. In McClellan v. Carland, 8 Cir., 187 Fed. 915, the federal court entertained plaintiff's controversy that he was an heir entitled to participate in a decedent's estate after judgment in the state probate court but before the time for appeal had elapsed.

■■■ The necessity for comity between courts demands that controversies shall not arise concerning their respective jurisdictional powers on account of unsubstantial considerations. The writ is sustained, and the trial court is directed to annul its order overruling petitioner's objection, and to enter order sustaining same.—Writ sustained, with instructions.

STIGER, C. J., and SAGER, HAMILTON, DONEGAN, ANDERSON, and KINTZINGER, JJ., concur.