Bernard C. HOLZSCHUH, Plaintiff,

v.

Larry W. CURTIS and Yvonne Curtis, as Executors of the Estate of Lawrence Amos Curtis, Deceased, Defendants.

Civ. No. 3–623–W.

United States District Court
S. D. Iowa, W. D.

June 23, 1965.

James A. Pratt, Council Bluffs, Iowa, for plaintiff.

Floyd E. Page, Denison, Iowa, for defendants.

HANSON, District Judge.

This is a ruling on the defendants' motion to dismiss the plaintiff's amended Complaint or in the alternative to stay action on the amended Complaint.

This is an automobile collision case. The driver of the automobile which collided with the plaintiff is deceased. His executors are the defendants in this cause. The estate is being probated in Woodbury County in the Northern District of Iowa. The collision occurred in Harrison County in the Southern District of Iowa.

The Iowa Code (Section 633.415, I.C. A.) provides that a separate action based upon liability of a decedent may be commenced against the personal representative of the decedent in lieu of filing a claim in the estate. The Iowa Code (Section 633.415, I.C.A.) further provides that such separate action may be commenced only in a county where the venue would have been proper had the decedent survived and the action commenced against him.

The Iowa venue statute, Section 616.18, provides that actions arising out of injuries sustained through the operation of motor vehicles may be brought in the county in which the defendant is a resident or in the county in which the accident occurred.

The federal venue statutes provide that the action may be brought in the district and division in which the defendant resides. In this case, that would be the Northern District. The federal statutes, however, also provide that the action may be brought where the accident occurred. In this case, that is the Southern District, Western Division.

■ The defendants' position is that the Iowa probate code, Section 633.415, I.C.A., is speaking only of State venue statutes when it says the action may be commenced only in a county where venue would have been proper had the decedent survived. Unquestionably, if this means to include both the federal and state venue statutes, the venue in the present case is correct. Even if it was not intended to include federal venue statutes, this action is in federal court and the federal venue statutes apply unless 633.-415 is considered a forum closing statute. The court concludes that the words "wherein the venue would have been proper" include proper federal court venue. To hold otherwise would close federal courts to this type of diversity case. The court cannot find anything to indicate such a meaning in the words or any such legislative intent. It is not a form closing rule because such actions are allowed in Iowa. See Moore Federal Practice, Section 17.21. In addition, the defendants claim that the plaintiff by filing his claim in the Probate Court has elected his forum and that he is estopped to maintain the action in this Court. The original Complaint was filed in this Court on September 17, 1964. The claim filed in probate was filed September 29, 1964.

The defendants do not contend that the action in a court other than the Probate Court could interfere with the administration of the estate. No such claim could be made. Foust v. Munson S.S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49. Also, the Iowa statute recognizes that there can be a separate action. See Reconstruction Finance Corporation v. Dingwell, 224 Iowa 1172, 278 N.W. 281.

The principal fault with the defendants' position is that the action was commenced in the Federal Court before it was commenced in the Probate Court. The cases involving the stay or abatement of an action always refer to a second case. 19 A.L.R.2d 301; 56 A.L.R.2d 335. The defendants cite nothing to show that the first action can be stayed after a similar second action has been filed.

■ Where the action is in rem in nature, only one court must take jurisdiction where the issues and parties are identical. American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285.

■ Again it need only be noted that it was the federal action which was first instituted. As was stated in the Dingwell case, the action in the federal court only determines the amount and validity of the claim and does not draw in the res which is in the probate court. The defendants here attempt to distinguish the Dingwell case on the theory that the statute requires the claimant to elect to go to either the federal or state court instead of both. If that be true, the plaintiff here elected the federal forum by first filing the action in this court. It appears that the plaintiff wanted to bring the case in the federal court but believed that after the case was instituted he still had to file a claim in the probate court to satisfy Section 633.410 of the Iowa Code, I.C.A.

■ The defendants' motion in alternative to stay the proceedings is based on the fact that the claim was filed in this court as well as in the probate court, that the action is in rem, and that the res is in custody of the probate court, and further that to have to try the action in the federal court would be vexatious litigation.

The action cannot be stayed for the same reasons that it cannot be dismissed. The action was filed first in the federal court and second in the state court. The decision to stay the second identical action or to dismiss it is usually determined on the basis of whether or not the two identical actions were filed in the same or different jurisdictions. See 19 A.L.R.2d 301; 56 A.L.R.2d 335. There is nothing to indicate that the action would cause the defendants any vexatious litigation or unnecessary expense.

Accordingly, it is hereby ordered that the motion to dismiss and the alternative motion to stay are hereby overruled and denied.