CLEMENTS, ADMINISTRATOR, &c. v. KELLOGG, BY HER NEXT
FRIEND, &c.

1. It is a rule both in equity and at law, that the *allegata* and *probata* must correspond. No matter how just the demand, which the complainant may make out by proof, if it does not harmonize with the allegations of his bill, he cannot recover.

2. Where there are several executors or administrators, they are esteemed as but one person, in representing the testator or intestate, and it is not allowable to sue any number less than all; unless, perhaps, where from special reasons shown, the character of the relief sought, made it unnecessary to join them.

THE defendant in error, by Henry V. Chamberlain, her next friend, in April, 1830, filed her bill on the equity side of the Circuit Court of Mobile.

In the bill, the defendant is represented as being twelve years of age, or thereabouts, and only child and heir of Theron Kellog, late of Mobile county deceased, who died in the summer of the year one thousand eight hundred and twenty. It is stated that the decedent was, at the time of his death, seized and possessed, as tenant in common with Joshua Clements, of certain lands situated in that county, on each side of the middle fork of Dog River, commonly called the Grand Bayou, containing six thousand four hundred *arpens*, beginning at or near the upper end of the Lake, that that creek makes, and running up the creek eighty *arpens*, and extending back on each side of the creek, forty *arpens*; together with a saw mill or mills thereon erected, commonly called Kellogg's mills.

Further ; it is stated that since the decease of the father of the defendant in error, Joshua Clements has been in possession of the premises above described, and has had the exclusive management and occupancy thereof, and has received considerable sums of money, from the profits and produce of the share, which the defendant in error has therein, which he has never yet accounted for. It is insisted that he should account for a moiety of the

profits and produce of the mill and lands, and for an equal portion of the timber and wood, which has, from time to time, been cut down and applied to the use of the mill—and that some proper person should be appointed to receive it; and that the same should be applied to her maintenance, education and support.

Without undertaking to give a direct answer to the allegations of the bill, the intestate of the plaintiff, alleged in his answer that the lands, in which the defendant states her father to have been a tenant in common with him, and for which he sought an account of the profits, were, in the year 1816, sold and conveyed by Theron Kellogg to him, in consideration of two thousand and five hundred dollars, in hand paid—that the sale was evidenced by a deed, which the answer offered to bring into court.

After the filing of the answer, it appears that Joshua Clements died, and that Henry Clements and Mary Clements administrator and administratrix, made themselves parties complainants, without *a bill of revivor* having been filed.

No farther notice is taken in the record of Mary Clements. The next step in the cause was the issuance of a commission, to take the testimony of Samuel H. Garrow and John Tatan. In the commission the cause is designated as "Mary Kellogg by Henry V. Chamberlain, her next friend, complainant, and Henry Clements, administrator of Joshua Clements, defendant."

Samuel H. Garrow states in his deposition, that Theron Kellogg, died in the year 1820. That at the time of his death, he was the owner of a tract of land situated in Mobile county, on Dog River, about nine or ten miles from the city, and containing about six hundred and forty acres, which was, at one time, owned by Clements and Kellogg, jointly—that Kellogg sold his share to Clements, and afterwards purchased from him the whole tract.

That the tract of land of which he speaks, had a mill erected upon it—and together with the mill, was sold by him as administrator of Kellogg to Clements, under an order of court directing its sale; Clements refused to complete the purchase, because the widow of Kellogg would not relinquish her dower.

The witness, after stating that Clements occupied the land and

mill, and used the timber on the land for making lumber, from the year 1824, until his death, in August, 1833, says, that the defendant in error is reputed the sole heir of Theron Kellogg, deceased.

John Tatan deposes, that Clements had possession of a mill on Dog River, called Clements' mill, from the death of Kellogg until his (Clements) death, and used the timber on the adjoining land for the purpose of making lumber—that he does not know what the nett annual average value of the mill actually was, but thinks that it ought to have been, at least, twelve hundred dollars a year.

This is all the testimony taken in the cause.

The record shows that the answer was excepted to, and the exception overruled—what was the particular exception, no where appears.

The bill, answer, and proofs, were referred to the clerk and master, to state and report to the court, an account showing the profits to which the defendant in error was entitled, in consequence of the occupation by the plaintiff's intestate, of the land and the employment of the mill.   The report stated a moiety of the profits up to the filing of the bill, with interest thereon, to the time of taking the account, at nine thousand one hundred and seventy-eight and fifty-sixth one hundredths dollars.   And no exception being taken to the report, a decree was rendered against the plaintiff in error, for the sum stated, with costs, and execution directed to issue therefor, to be levied of the estate of his intestate, in his hands to be administered.

From this decree a writ of error has been prosecuted to this court, by the defendant below, who has assigned many causes of error, but now abandons all but those which insist—1. That the decree is not warranted by the proof, because the proof does not sustain the allegations of the bill.   2. That the bill was not prosecuted against Mary Clements, the administratrix, and that as to her, there has been no disposition of the cause.

J. A. CAMPBELL, for the plaintiff.

No counsel, appeared for the defendant.

Clements, administrator, &c. v. Kellogg, by her next friend, &c.

COLLIER, C. J.—1. The testimony makes out a case very different from that stated in the bill. The defendant in error, seeks an account of one half of the profits derived by the plaintiff's intestate, from the occupancy of six thousand four hundred *arpens* of land, and the employment of a saw mill situated thereon. The demand is made upon the allegation that Joshua Clements the intestate, and Theron Kellogg, were tenants in common of the land and mill, and entitled to an equal interest in the same. The proof in one of the depositions is, that the plaintiff's intestate occupied a tract of six hundred and forty acres of land, and employed a saw mill thereon (all which belonged to the father of the defendant) from the year 1824 to the year 1833, when he died. The testimony of the other witness is, that Joshua Clements had possession of the land and mill from the death of Theron Kellogg, up to the time of his death—and that the annual average value of the land and mill, was twelve hundred dollars.

It is a well settled rule not only at law, but in equity, that the *allegata* and *probata* must correspond with each other. This rule has been recognized by repeated decisions of this court. In Morgan's executrix v. Crabb (3 Porter's R. 470) it was ruled that no relief could be given, but on proof pertinent to the statement of facts relied on to obtain it. A party is no more entitled to relief upon evidence, without the material allegations, than on such allegations without sufficient proof.

In Goodwin v. Lyon (4 Porter's Rep. 297) the court say, however strong may be the proof of a complainant, and however clear his title to the aid of the court, it is wholly immaterial, if the allegations of his bill are not in harmony with his testimony—it cannot be received and regarded by the court. To the same effect is Duren v. Walker & Parsons (5 Porter's Rep. 345 ; see also, 3 Litt. Rep. 339 ; 10 Wheat. Rep. 189 ; 6 Har. & Johns. Rep. 288 ; Eng. Cond. Ch. Rep. 544.)

In the case at bar, instead of proving the occupancy of six thousand four hundred *arpens* of land and a saw mill, of which Joshua Clements and Theron Kellogg were tenants in common, the proof is, that the plaintiffs intestate occupied six hundred and

forty acres of land with a saw mill thereon, of which the defendant's father was the sole proprietor. The mere recital of the bill and proofs, discover at once, an entire want of harmony between the *allegata* and *probata*. It may be said of the bill, that the statements it contain may be true, but they are not proved—so in regard to the testimony, it clearly shows that the defendant in error, has a just cause of complaint against the plaintiff; yet, the allegations of the bill, do not authorize its admission in evidence.

2. It is not denied, that both the plaintiff and Mary Clements were made parties, as administrator and administratrix of Joshua Clements, the original party—in fact, the record so states it.

Where more persons than one, administer on an estate, they are all alike its representatives, and it is not allowable to sue any number less than all, where they are all within the jurisdiction of the court, certainly not ; without disclosing some special reasons to show that the character of the relief sought made it unnecessary to join them. (Story's Equity Pleading, 193 ; Wms. & Ivey, executors v. Sims *et al.*, 8 Porter's Rep. 579.) The proposition stated results from the principle of the common law, which esteems several executors or administrators as but one person in representing the testator or intestate. Wheeler *et al.* v. Wheeler (9 Cow. Rep. 34.) Could Mary Clements be regarded as a mere nominal party, it is possible that the omission to join her in the decree with the plaintiff in error, might be regarded as an irregularity, which would not prejudice the defendant—but we are not permitted thus to consider her. Upon both grounds the decree of the circuit court is reversed, and the case remanded to the court of chancery, that the complainant may obtain leave to amend her bill, if she thinks proper, and proceed with the cause against all who have administered on the estate of Joshua Clements deceased, unless some particular reasons exist, why they should not all be joined. The costs of this court are to be paid by the defendant in error.