## Case No. 14,491.

### UNITED STATES v. BACKUS.

[6 McLean, 443.] [1]

Circuit Court, D. Michigan. June Term, 1855.

UNITED STATES — CLAIM AGAINST DECEDENT'S ESTATE—STATE PROBATE LAW—PRIORITY—LIMITATION—CONSTITUTIONAL LAW.

1. A state regulation that the estates of deceased persons shall be settled in the probate court, which shall appoint commissioners to adjust the claims against the estate, and prescribe the time within such claims must be presented, and if not presented, shall be barred, is not obligatory on the federal government, in the collection of its debts.

[See Backus v. The Marengo, Case No. 713.]

2. The amount claimed has been adjusted by the accounting department of the government, and must be collected under its own laws.

3. It has a priority of claim, and cannot, therefore, do any injustice to general creditors by enforcing its claim. A law of a state, which gives eighteen months before suit can be brought against executors, does not apply to a demand by the federal government.

4. If the act could be so construed, it would be in conflict with acts of congress, and would consequently be inoperative.

At law.

Mr. Hand, U. S. Dist. Atty.
Mr. Backus, for defendant.

OPINION OF THE COURT. This action was brought against H. F. Backus, James D. Doty, and Lindsey Ward, executors of Michael Drousman, deceased, to recover a balance due, from the estate of the deceased, as late post master at Mackinaw. These persons were appointed executors in the will of the deceased, and on the 11th of October, 1854, proof of the will was made in the probate court, and letters testamentary were granted. By the act of Michigan (Rev. Laws 1846, p. 290) in relation to the payment of debts and legacies of deceased persons, it is provided that when letters testamentary are granted the probate court is required to appoint "two or more suitable persons to be commissioners, to receive and examine and adjust all claims and demands of persons against the deceased, except in cases where no debts exist, or the value of the estate, exclusive of the furniture, shall not exceed one hundred and fifty dollars." This amount is assigned to the widow, and in law is a final administration, and bars all claims against the estate. At the time of granting letters, the probate court is required to "allow such time as the circumstances of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not exceed eighteen months; and all creditors are required to present their claims for the action of the commissioners within a limited time, or they shall be barred." The commissioners allow or disallow the claims

[1] [Reported by Hon. John McLean, Circuit Justice.]

thus presented. All cases pending against the deceased at the time of his death, the statute requires to be presented against the executor for judgment, which when entered, shall be transmitted to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate. Eighteen months were allowed by the probate court, for creditors to present their claims. The writ was returned served on Backus, and non est as to the others; and the declaration was filed against Backus, the other defendants not being served. The defendants pleaded the above statute, and alleged that the defendants not served were citizens of Wisconsin, and it was also alleged that this writ was brought, before the time expired allowed by the probate court, to the commissioners, for the adjustment of the claims against the estate, and that said court, under the statute, has exclusive jurisdiction over the estates of deceased persons, and that suit cannot be brought against the estate, until after the expiration of the time allowed, and in such form as the statute authorized, &c. To this plea the plaintiffs demurred.

The objection that two of the executors are citizens of Wisconsin, and consequently this action against the defendant is not sustainable, we think, is obviated by the provision of the act of February 25th, 1839, which declares, "that the non joinder of parties, who are not found within the district, shall constitute no matter of abatement, or other objection to the suit." By the statute, the judgment against the party served with process, shall not prejudice other parties. And we suppose that this provision applies as well to persons jointly liable as executors, as to any other joint liability. It is a well settled principle, that an executor is not liable to be sued, in any other jurisdiction than that under which the letters testamentary were granted. And if the suit must abate on the ground stated, the effect would be to defeat the demand of the government. The exclusive jurisdiction given to the probate court, in the settlement of decedents' estates, cannot affect the claims of the government, however it may bear on private claims. The mode of proceeding in the probate court, and the time given for the settlement of accounts, cannot regulate the claims of the government, nor affect the remedies given to it under its own laws. The demand in this case has been adjusted by the accounting department, under the laws of congress, and there can be no obligation to present the account for adjustment, to the probate court of Michigan. Such a rule of procedure, would subject the action of the federal government, to the regulation of a state government. The federal government being entitled to a priority over other creditors, by the enforcement of its demand, no injustice is done to the general creditors. It could not have been contemplated by the

legislature of Michigan, that the law should apply to the general government as a creditor. Such a construction of the act is not required from its language. It is true, there is no exception in it, but the exception necessarily arises from the nature of the case. Executors are responsible under the laws of the state, but their liability attaches on the acceptance of the trust. The eighteen months given for the adjustment of accounts against the estate of the deceased, relates to the remedy, and cannot apply to a demand of the federal government. If the statute could be so construed, it would be in conflict with the laws of congress, and would be, consequently, inoperative. The demurrer to the plea is sustained.