CONOLLY *v.* WELLS *et al.*

*(Circuit Court, E. D. Wisconsin.　August 17, 1887.)*

PARTIES—NECESSARY PARTIES—REV. ST. U. S. § 737.

Rev. St. U. S. § 737, provides that when a defendant to a suit is not an inhabitant, nor within the district where suit is brought, and does not appear, the court may adjudicate the matter betwen the parties before it, and a nonjoinder of parties, not inhabitants nor found in the district, shall not constitute matter of abatement or objection to the suit. Complainant, a citizen of Illinois, filed a bill for an accounting against defendants, citizens of Wisconsin, executrix and executor of a certain estate, and alleged that one L. was also executor, but was a citizen of Illinois, outside the jurisdiction of the court, and therefore not made a party defendant. *Held,* that L., having qualified and acted as executor, was such an indispensable party to the suit, that a demurrer to the bill for non-joinder of him as defendant must be sustained, notwithstanding the provisions of the statute.

In Equity.　Bill for an accounting.

Robert A. Conolly, complainant, filed a bill for an accounting against H. M. Wells, executrix, and E. Mariner, executor, of the will of D. L. Wells, deceased.

In this case, the original bill alleged that on the first day of December, 1884, Daniel L. Wells, then being an inhabitant of the city of Milwaukee, in this state, died testate, leaving a will, whereby Helena M. Wells was appointed executrix, and Ephraim Mariner and George P. Lee were appointed executors thereof; that about January 12, 1885, upon the petition of the executrix, the will of the decedent was admitted to probate in the county court of Milwaukee county, and that at the time of the death of Wells and the probating of his will, and at the time the bill was filed, the defendants resided in this district. In the same connection it was alleged that George P. Lee, the other executor, resided in the state of Illinois, and was a citizen of that state, and beyond the jurisdiction of this court, and for that reason was not made a party defendant in the bill. The bill then proceeded to state certain transactions of a partnership nature, occurring between the complainant and Wells, during the life-time of Wells, in connection with the construction of certain railroads in the states of Michigan and Indiana; these transactions having their origin in certain contracts pertaining to such railroad construction, which were entered into by the complainant and Wells, and on account of the performance of which each was to share in the profits of such construction. The details of these transactions were set out in the bill; it being further alleged that Wells appropiated the moneys realized on the contracts, and the profits made in the work, of which it was charged the complainant was entitled to a certain share. Among the other allegations of the bill, it was averred that Wells delivered to the complainant, in part payment of the amount due to him on account of the work, certain municipal bonds issued by the township of St. Joseph, Michigan, upon which bonds nothing was realized by the complainant, and that thereupon he returned the bonds and coupons annexed to Wells, under an agreement with him that he should place the bonds in suit with other bonds then owned by the firm of Wells & French, and should collect the same and pay to the complainant the amount thereof, less his proportionate share of the expenses incident to such suit and collection. It was then alleged that neither the bonds nor the avails thereof were ever returned to the complainant or accounted for, but were appropriated by Wells to his own use. The bill next alleged that these bonds, or the avails thereof, were in the possession of the defendant's executrix and executor, Helena M. Wells and Ephraim Mariner, and, further, that the defendants had collected from the railroad corporations for which the construction work was performed by the complainant and Wells, various sums of money due on the construction contract. Allegations of fraud in the alleged appropriation by Wells of the profits realized upon the contracts were made in the bill; and its prayer was, among other things, that an account might be taken and stated between the complainant and the estate of Wells, in respect to the transactions and dealings connected with the said several contracts and the bonds referred to, and that the defendants might be compelled by the decree of this court to pay to the complainant the amount due to him upon the settling of such account. This bill was demurred to for the reason that it did not sufficiently al-

lege the appointment and representative character of the defendants as executor and executrix of the will of the deceased; and the demurrer was sustained on that ground, with leave to amend. An amendment was then filed, wherein it was alleged that the probate court of Milwaukee county duly issued and delivered to the defendants and the said George P. Lee, letters testamentary on the last will and testament of the deceased, as executors and executrix thereof, who respectively then and there accepted the trusts thereby created, and gave bonds as required by law, and entered upon the discharge of their several duties, and at the time of the filing of the bill, were engaged—the defendants at the city and county of Milwaukee in this district, and the said Lee at the city of Chicago in the state of Illinois—in the discharge of such duties; and that, as such executor and executrix, the defendants Mariner and Helena M. Wells, became and were possessed of the estate of the said Daniel Wells, deceased. The bill as thus amended, was again demurred to, on the ground that it appeared on the face of the bill that George P. Lee, executor with the defendants, was a necessary party to the suit, without whose presence it ought not to proceed.

*N. S. Murphey,* for complainant.

*David S. Ordway,* for defendants.

DYER, J. The question raised by the demurrer, is, whether Lee, who is without the jurisdiction of this court, is an indispensable party to the bill, so that the court cannot proceed in the suit and render a decree such as is prayed, without his presence as a party and co-defendant in the action.

Section 737 of the Revised Statutes provides that "when there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of, nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process or voluntarily appearing to answer. A non-joinder of parties who are not inhabitants of, nor found within the district as aforesaid, shall not constitute matter of abatement or objection to the suit." With some unimportant changes in phraseology, this provision is the same as the act of congress of February 28, 1839, 5 St. at Large, *c.* 36 § 1, p. 321.

In *Shields* v. *Barrow,* 17 How. 130, the supreme court pointed out three classes of parties to a bill in equity:

"(1) Formal parties. (2) Persons having an interest in the controversy, and who ought to be made parties in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice without affecting other persons

not before the court, the latter are not indispensable parties. (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

Again, in *Barney* v. *Baltimore City*, 6 Wall. 284, the supreme court say:

"There is a class of persons having such relations to the matter in controversy, merely formal or otherwise, that while they may be called proper parties, the court will take no account of the omission to make them parties. There is another class of persons whose relations to the suit are such that, if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties if within its jurisdiction, before deciding the case. But if this cannot be done, it will proceed to administer such relief as may be in its power between the parties before it. And there is a third class whose interests in the subject-matter of the suit, and in the relief sought, are so bound up within that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases, the court refuses to entertain the suit when these parties cannot be subject to its jurisdiction."

In *Shields* v. *Barrow*, *supra*, it was held that the forty-seventh rule in equity is only a declaration, for the government of practitioners and courts, of the effect of the act of February 28, 1839, (now section 737, Rev. St.,) and of the previous decisions of the courts on the subject of that rule, (*Hagan* v. *Walker*, 14 How. 36,) and that "it remains true, notwithstanding the act of congress and the forty-seventh rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights."

In *Elmendorf* v. *Taylor*, 10 Wheat. 167; it was observed by the court:

"If a case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person whom the process of the court cannot reach,—as if such party be a resident of another state,—ought not to prevent a decree upon its merits."

*Wormley* v. *Wormley*, 8 Wheat. 451; *Carneal* v. *Banks*, 10 Wheat. 188; and *Vattier* v. *Hinde*, 7 Pet. 266, were cases where the rule as to formal or unnecessary parties was applied. *Osborn* v. *Bank*, 9 Wheat. 738; and *Harding* v. *Hardy*, 11 Wheat. 132, were cases of parties having a substantial interest, but not so connected with the controversy that their joinder was indispensable. *Cameron* v. *McRoberts*, 3 Wheat. 591; and *Mallow* v. *Hinde*, 12 Wheat. 197, were cases of parties having an interest which was inseparable from the interests of those before the court, and who were therefore indispensable parties.

In *Cameron* v. *McRoberts*, *supra*, where the citizenship of the other defendants than Cameron did not appear on the record, the court said:

"If a joint interest vested in Cameron and the other defendants, the court had no jurisdiction over the cause. If a distinct interest vested in Cameron, so that substantial justice (so far as he was interested) could be done without

affecting the other defendants, the jurisdiction of the court may be exercised as to him alone."

*Shields* v. *Barrow, supra,* was a suit in equity to rescind a contract of compromise, which from its nature could not be rescinded so far as respected some of the parties who were before the court, and allowed to stand as to other parties who were not before the court, because beyond its jurisdiction. The court therefore held that no decree could be rendered in the cause.

*Barney* v. *Baltimore City, supra,* was a case where partition was asked in equity, of certain real estate in which various parties were interested as tenants in common. All the part owners were held to be indispensable parties to the suit in order to enable the court to grant the relief prayed, and as some of them were not within the jurisdiction of the court, and could not be brought in, the court held that no decree could be entered on the merits of the cause.

*Inbusch* v. *Farwell,* 1 Black, 566, was a suit at law, in which it appeared that partnership goods had been attached on mesne process against three partners for a partnership debt. The property was released on bond conditioned to pay the judgment which might be recovered against the defendants. The attachment suit was discontinued against two of the defendants therein, for want of jurisdiction, they being citizens of another state, and was prosecuted to judgment against the administrator of the other defendant, deceased. In suit on the bond—which was the case in judgment—the defense was, that the plaintiff had not recovered judgment against the defendants in the attachment suit, and therefore the condition of the bond was not broken. But it was held that if the non-resident partners had not been originally made parties to the suit, it could have been regularly prosecuted to judgment under the act of February 28, 1839, against the other defendant in his life-time, and after his decease could be revived and prosecuted against his administrator. The non-resident partners were not regarded indispensable parties to the attachment suit.

In the opinion of Mr. Justice MILLER in *Barney* v. *Baltimore City, supra,* reference is made to the case of a suit against joint obligors in a contract, and he observes that, under the act of 1839, the plaintiff in such a suit can prosecute his suit to judgment against any one of such joint obligors, in any district where he may be found, citing *Inbusch* v. *Farwell.* But it is stated further in the opinion:

"This rule does not conflict with that under which the courts of chancery act in refusing to make a decree where by reason of the absence of persons interested in the matter the decree would be ineffectual, or would injuriously affect the interest of the absent parties. In the class of cases just mentioned, at common law, the plaintiff by his judgment against one of his joint debtors gets the relief he is entitled to, and no injustice is done to that debtor, because he is only made to perform an obligation which he was legally bound to perform before. The absent joint obligors are not injured because their rights are in no sense affected, and they remain liable to contribution to their obligor, who may pay the judgment by suit, as they would have been, had he paid it without suit."

These being the legal principles governing the classes of cases specified in the authorities cited, the question is, does the case in hand fall within the rule which precludes the court from administering the relief sought by the bill, against the defendants,—if the right to such relief shall be established,—their co-executor not being a party to the suit? In other words, is Lee an indispensable party, whose legal presence in the suit is an absolute necessity, without which the court cannot proceed? If he were a citizen of this district, having joined in the proceedings for the probate of the will and assumed the trust, and acted in conjunction with his co-executor and co-executrix, there would be no doubt that his joinder as a co-defendant would be necessary. "The general rule is, that if there are several executors or administrators, they must all be sued, although some of them be infants. Therefore a person cannot, either as creditor or residuary legatee, bring a bill in equity against one executor only. But it is only necessary to sue so many of the executors or administrators *as have acted.* If this is sufficient in law, how much more in a court of equity?" 3 Williams, Ex'rs, top p. 2125, 2126. Also see page 2051, and cases cited in note.

In Schouler, Ex'rs, § 401, it is said that "executors, unless the will under which they act directs otherwise, are to be treated in law as one and the same individual; and, consequently, whatever each one does is taken to be the act of both or all, their authority being joint and entire. Hence, if one of them dies, the fiduciary interest, being joint and entire, will vest in the survivor. Of two or more executors under a will each is entitled to receive any part of the assets, and to collect any debts. In the settlement of an estate by co-executors, the exclusive custody and control of the assets vests in no one of their number. Each executor has a right of possession to the personal property, and a right of access to the papers. The act of one in possessing himself of assets is the act of all, so as to entitle them to a joint interest in possession, and a joint right of action, if they are afterwards taken away."

In Barb. Parties, 483–486, it is said:

"If there are several executors * * * they are esteemed but one person in representing the estate of the testator, and it is not allowable to sue any number less than all; unless, perhaps, for special reasons shown, the character of the relief sought makes it unnecessary to join them all. It may be said as a general rule that whenever the personal assets of the deceased in the hands of his executors or administrators, or belonging to them, may be affected by the decree, they should be made parties. * * * Though co-executors who have administered jointly are ultimately liable for each other's acts, yet *they must both be parties to a bill for an account of the estate.*"

In Gould, Pl. *c.* 4, § 73, it is stated:

"Where a right of action exists against co-executors, as such, all those of them *who have acted in the execution of the trust* must be joined in the action; but those who have not administered may be omitted. For, though the liability of co-executors is joint, yet a stranger or creditor is presumed not to know who or how many there are, except from their acts; and is therefore not bound to take notice of any others than those who administer."

See, also, sections 63, 65, of same chapter; also, 1 Chit. Pl. 52.

In *Rinehart's Ex'rs* v. *Rinehart*, 15 N. J. Eq. 44, it was held that in suits brought by executors the rule in equity is that only the executors who have proved the will must be parties. An executor who has renounced need not be joined. In the opinion the chancellor says: "At law the rule is that all the executors named in the will must be joined as plaintiffs;" citing *Hensloe's Case*, 5 Coke, 64; *Hunt* v. *Kearney*, 3 N. J. Law, 292; *Executor of Hill* v. *Smalley*, 25 N. J. Law, 374. "The rule in equity is that all the executors who proved the will must be parties; none others need be so;" citing *Davies* v. *Williams*, 1 Sim. 5; *Kilby* v. *Stanton*, 2 Younge & J. 77; *Cramer* v. *Morton*, 2 Moll. 108; 2 Williams, Ex'rs, 1626; *Thompson* v. *Graham*, 1 Paige, 384; 1 Daniell, Ch. 273; *Marsh's Ex'rs* v. *Oliver's Ex'rs*, 14 N. J. Eq. 262.

In *Rubber Co.* v. *Goodyear*, 9 Wall. 788, it was held that though there are three executors appointed by the will, one may maintain a suit, if two of them have not qualified. In the opinion, it is said: "The evidence in the record shows that the testator was domiciled and had property in the city of New York. This gave the surrogate there jurisdiction to take the probate of the will, and to issue letters testamentary. Charles Goodyear, Jr., alone proved the will, and received such letters. The other persons named as co-executors, have taken no step in that direction. They have never at any time assumed to do any act, or claimed any right, by virtue of their nomination in the will." For these reasons, the court held the suit well brought by the single executor.

The case of *Blake* v. *McKim*, 103 U. S. 336, follows the rule laid down on the subject in the authorities referred to. In that case, A., a citizen of Massachusetts, commenced a suit in a court in that state against the executors of B., two of whom were citizens of Massachusetts, and one a citizen of New York, to enforce a liability of the testator. The executors all appeared and filed a joint answer. It was held that the controversy not being divisible, nor wholly between citizens of different states,—the plaintiff and two of the defendants being citizens of the same state,—could not be removed into the circuit court of the United States. Mr. Justice HARLAN, speaking for the court, observes in the opinion that "the executors of Blake, each of them having qualified and acted in the execution of the trust, were all indispensable parties to the suit, [citing authorities.] They all appeared and submitted to the jurisdiction of the court." On the argument it was suggested by counsel that the remark of the court in the case referred to, that all the executors were indispensable parties to the suit, was *obiter*, and did not express the law. But, whether *obiter* or not, as we have seen from the authorities cited, the observation of Mr. Justice HARLAN exactly expresses the general rule on the subject. Nor is this statement of the rule in *Blake* v. *McKim* inconsistent, as is contended by counsel for complainant, with anything decided in *Stacy* v. *Thrasher*, 6 How. 44, and *Hill* v. *Tucker*, 13 How. 458, as will be seen upon a careful examination of those cases.

In the argument of this question, numerous decisions of the courts in this country, and some in England, were brought to the attention of the

court, which it was contended fully support complainant's right to proceed with the suit in the absence of the executor Lee, and without making him a party thereto. *Tappan* v. *Bruen*, 5 Mass. 193; *Call* v. *Hayger*, 8 Mass. 423; *Parker* v. *Danforth*, 16 Mass. 299; *Moore's Ex'rs* v. *Paul*, 2 Bibb, 330; *Bledsoe* v. *Huddleston*, 5 Yerg. 295; *Beach* v. *Baldwin*, 9 Conn. 476; *Negley* v. *Gard*, 20 Ohio, 310; *U. S.* v. *Backus*, 6 McLean, 443; *Brotten* v. *Bateman*, 2 Dev. Eq. 115; *Clement's Adm'r* v. *Kellogg*, 1 Ala. 330; *Footman* v. *Executors of John Pray*, 1 R. M. Charlt. 291; *Shorter* v. *Hargrove*, 11 Ga. 658; *Clifton's Adm'r* v. *Executors of Haig*, 4 Desaus. Eq. 343; *Rouse* v. *Etherington*, 1 Salk. 312; *Shipton* v. *Rawlins*, 4 Hare, 619; *Fussell* v. *Elwin*, 7 Hare, 29; *Hall* v. *Austin*, 2 Colly. 570; *Perry* v. *Knott*, 5 Beav. 293; and *Kellaway* v. *Johnson*, Id. 319.

It would extend this opinion to an unreasonable length, to review these cases in detail. It must suffice to say of them, that they do not sustain the complainant's contention. Some of them were cases at law, in which all the obligors in a joint contract were made defendants, part of them not being served with process, and in which judgment was entered against those served; thus enforcing a rule now incorporated in many of the statutes of the states. Others were cases where the distributees under a will maintained suits against one of two executors for money had and received, it appearing that the money sought to be recovered had not come into the hands or under the control of the co-executor. Still others were suits in equity brought by legatees against the executor of a deceased executor, and where the question arose as to the necessity of joining a surviving co-executor of the first testator as a defendant in the suit. In some of the cases it appeared that the executor sought to be charged had taken upon himself the sole execution of the will, and that his co-executor, because of non-residence, or absence from the state, or other cause, had not participated in the administration of the estate. In one of the cases, the bill sought a decree for so much of an estate as had come into the hands exclusively of one of the administrators, and which had been improperly managed and wasted by him; and it may be said of almost all the cases in equity cited that they presented peculiar facts which controlled the decisions of the courts. All of them, with a single exception to be presently noticed, are distinguishable in their facts and in principle from the case at bar.

Of the English cases cited in the brief of counsel, *Rouse* v. *Etherington*, 1 Salk. 312, was an action against two executors. A *capias* issued against both, which as to one, was returned *non est inventus*, and the other appeared, and judgment was given against both. HOLT, C. J., said:

"If a suit *be brought against several executors*, and one appear and the other make default upon the grand distress, the court may proceed against him that appears; and, if the plaintiff recover, judgment shall be against all the executors for the goods of the testator. If there be several executors defendants, and a *capias* is returned as to one, and a *non est inventus* as to the rest, the plaintiff shall proceed against him that appears, and shall have judgment against all; for the default upon the *capias* is the same as upon the grand distress."

Here both the executors were made defendants in the suit. And the case only shows that at that early day the same rule was in force as in the case of *Moore's Ex'rs* v. *Paul, supra,* and other cases that have been noticed.

It is not perceived that the other cases cited from the English courts, bear upon the question here under consideration, since they involved only the construction, and application to certain classes of cases, of what is known in the English practice as the thirty-second order of August, 1841, which provided that "in all cases in which the plaintiff has a joint and several demand against several persons, either as principals or sureties, it shall not be necessary to bring before the court as parties to a suit concerning such demand all the persons liable thereto, but the plaintiff may proceed against one or more of the persons severally liable."

*Williams* v. *Sims,* 8 Port. (Ala.) 579, seems to sustain the view taken by counsel for complainant in the case at bar. That was a suit against executors on a promissory note made by their testator and another. The executors pleaded in abatement that James Cavat, together with them, were appointed by their testator executors of his last will and testament; that he was still living, and that they all duly proved the testator's will, and took upon themselves the burden of administration. The plaintiffs replied to the plea that Cavat, the executor, was, at the commencement of the suit, and still continued to be, a resident of another state, namely, the state of Mississippi. It was said by the court in its opinion, that "at common law, all the executors named in a will were required to join in prosecuting suits, and in actions against executors they might be made defendants; but in the last case all who proved the will were required to be joined. The non-amenability of a co-executor to the jurisdiction of an English court, affords no legal excuse for the omission to join him as a party defendant, if he be living, and has taken upon himself to execute the will; but the American cases do not support the English rule. The non-residence of a co-executor is sufficient to relieve the plaintiff from the necessity of joining him in an action with his co-executors." After discussing the rule of law on the subject as it prevailed in England, the court further observed:

"Now it will follow from what we have said that the non-amenability of a co-executor to the jurisdiction of an English court, affords no legal excuse for the omission to join him as a party defendant to an action, if he be living, and has taken upon himself to execute the will. There the law authorizes the plaintiff, though he may be unable to effect the personal service of a writ by means of what is there called process of outlawry, to prosecute his suit to judgment. Our law, in this respect, as it regards executors, is defective in not providing a mode of proceeding, where a co-executor resides without the state, since it is clear that our statutes with reference to joint obligors, etc., do not embrace joint executors who jointly represent the interests committed to them by the will. And the question now presented for our consideration is, do the American decisions sustain the English rule, and should we not, in view of the deficiency of our laws, be inclined to depart from it."

The court then cites the two cases of *Tappan* v. *Bruen,* 5 Mass. 195, and *Beach* v. *Baldwin,* 9 Conn. 437, and observed that these cases fur-

nish authority for holding that the non-residence of the executor relieves the plaintiff from the necessity of joining him as a party to the action with his co-executors, and thought the rule, as modified in Massachusetts and Connecticut, far better calculated to promote the ends of justice than the rule which prevailed in England. And upon the authority of those two cases, it was held that the non-residence of an executor excused the plaintiff from joining him as a party defendant with the co-executors, who were within the jurisdiction of the court.

So far as the research of counsel in the case at bar has disclosed the law on the subject, I think it must be said of this Alabama case, that it stands alone in holding that the residence of one of several executors outside the jurisdiction of the court in which a suit is brought against the other executors, involving the liability of the estate which all represent, is a legal and sufficient excuse for omitting to join such absent executor as a party defendant in the action, if he be living, and has taken upon himself, jointly with his co-executors, to execute the will.

Reference to *Tappan* v. *Bruen*, and *Beach* v. *Baldwin*, *supra*, it seems to me, clearly shows that they do not sustain such a ruling. *Tappan* v. *Bruen*, was a case not by or against executors or administrators, but where several defendants were sued at law, on joint contract. Some of them were out of the jurisdiction of the commonwealth, having no usual place of abode within the state at which a summons could be left. It was held that the plaintiff might cause his writ to be served on those within the state, and proceed only against them, for a breach of contract by all. Here, *all the parties to the contract were made defendants,* but there was service only on a part, and the court simply enforced the rule now incorporated in many of the statutes of the states, which permits a suit against several parties, who are all made defendants of record, but in which some are served and some not, to proceed to judgment against those served. The case belongs to the class of suits at law, commented on by Mr. Justice MILLER in *Barney* v. *Baltimore City*, *supra*, as coming within the purview of the act of congress of 1839, now section 737, Rev. St., and in which the suit may be prosecuted to judgment against any one of several joint obligors, in the jurisdiction where he may be found. It was said in the opinion that the rule therein recognized extended also to executors and administrators; but this remark referred only to cases like that before the court, where all the parties chargeable with liability, having been made defendants in the suit, and process having been served only on such as were within the jurisdiction of the court, judgment might go against those so served. *Beach* v. *Baldwin,* was not a case in which the principle laid down in *Williams* v. *Sims,* was involved. The case was this: In an action on a promissory note payable to A. as executor of N., A. declared as executor, and in that capacity demanded damages. B., the defendant, pleaded in abatement that there were certain co-executors with A., who ought to have joined in the suit. The plea alleged that N. by his last will appointed C., D., and E., with A., his executors, who accepted the trust, and proved the will, and were still living. It was held that the plea was defective because it did not show where the

plaintiff's co-executors resided, nor that the persons alleged to be co-executors were such at the commencement of the suit. The case involved a mere question of the sufficiency of the plea; and it does not follow from the ruling made that, if the co-executors of A. were acting with him in the execution of a joint trust as executors, their presence as co-plaintiffs in the suit could be properly dispensed with. On the whole, it seems clear that *Williams* v. *Sims* is an exceptional case, unsupported by *Tappan* v. *Bruen*, and *Beach* v. *Baldwin*, and ought not to prevail against what appears to be the great weight of authority in determining the question as it arises here.

*Wheeler* v. *Bolton*, 54 Cal. 302, was a case where the facts may be said to have fully sustained the ruling made, which was, that if one of two executors is absent from the state the other can administer; and in such case, *where only one has acted, and the decree of distribution refers to him alone*, the absent executor is not a necessary party to an action against the other, by a distributee, to recover his share of the estate. That was a suit against one executor to recover the distributive share which the defendant was by decree of probate court required to deliver to the plaintiff. The complaint was demurred to on the ground that an absent co-executor was not made a defendant in the suit. In the opinion of the court it was said:

"It is no objection that Adams was not joined. The allegation is, that he left the state in 1855, and has not since returned, and that the probate court adjudged the d·fendant to be in possession. If one of two executors be absent from the state *the other can administer*, and his accounts can be settled, and a distribution be had. The presence of Adams was not necessary; there is no allegation that he was directed to deliver the property."

The complaint in the case showed that Adams, the co-executor, had been absent 20 years, and that the defendant, as the acting executor, had rendered his final account. And it further appeared that the probate court had adjudged that he came into possession of the estate as executor, and that court had made a decree that he deliver the distributive share which was sought to be recovered in the suit.

From a careful examination of the cases it seems quite apparent that the authorities do not sustain the proposition that, because of the absence or non-residence of one of several executors, all actively participating in the execution of the trust, a suit like the present one may proceed against the resident executors alone. Take the case at bar. The bill on its face shows that the three executors united in the probate of the will in Wisconsin; that all assumed the trusts imposed upon them by the will and by virtue of their appointment; and that all have ever since acted as representatives of the estate,—the two defendants being residents of Wisconsin, and their co-executor Lee being a resident of Illinois. The bill calls for an accounting. It seeks to enforce something in the nature of a trust growing out of *quasi* partnership relations between the complainant and the testator. The claim is one that affects the estate in its entirety. The bill seeks to establish a demand against an estate which in law is in the joint possession of all the executors, and who are all act-

ively engaged in administering that estate. The interest and authority of all are joint and entire. They have a joint possessory and trust interest in the assets of the estate. The interest of one executor is inseparable from that of the others. One and all have the right to contest the complainant's demand. The litigation involves a fund which is legally vested in each executor, and each is a necessary party to an accounting which affects that fund. And therefore it would seem that no decree could be entered, such as the complainant prays for in his bill, which would not affect the representative rights and interests of all the executors.

In respect to the question under consideration, the case is not aided by the provision of the state statute, (Rev. St. Wis. § 3254,) which declares that "in actions or proceedings *against several executors* or administrators they shall all be considered as one person representing their testator or intestate, and *those who are first served with process, or who shall first appear,* shall answer the plaintiff. Judgment shall be rendered as if all had appeared; and in case where the execution may be issued against the property of the testator or intestate, it may issue against all in like manner as if all had appeared. But this section shall not deprive the plaintiff of the right to bring into court all the executors or administrators *against whom the action is brought.*" Obviously, this statutory provision applies to an action in which all the executors are made parties thereto, and prescribes a course of procedure in a case where some are served with process and others are not.

It was suggested on the argument, that to make such a ruling as would put it out of the power of the complainant to prosecute his suit because unable to proceed against the non-resident executor, would enable a testator at any time to defeat the jurisdiction of the federal court in a controversy involving the estate by designating a non-resident with a resident executor. To this it seems a sufficient answer that the federal court is one of limited jurisdiction under the constitution and laws, and can only take cognizance of such cases as are clearly within its jurisdiction; while the courts of probate of the state are invested with complete authority and jurisdiction over estates and executors, and claims against estates may there be adjudicated and enforced under statutory modes of procedure which are ample. If the executor be a non-resident, and fails to respond to the orders of the probate court of the state which appointed him, the penalty of removal may be summarily enforced against him.

Apology for the length of this opinion may be found in the fact that the amount involved is large, and that the probable result of the conclusion reached, is that, if the non-resident executor could be made a party defendant in the suit, as he and the complainant are both citizens of Illinois, the court, by reason of citizenship of the parties, would have no jurisdiction of the case. The court has therefore felt it to be its duty to determine the question presented after the most deliberate and thorough consideration.

The demurrer to the bill must be sustained, in which conclusion I am authorized to say, the circuit judge, who sat with the district judge at the hearing, concurs.