## LaMont Estate

*Roland J. Christy*, in propria persona and for co-executors.

*Judith A. Levinthal*, for the United States of America.

TAXIS, *J.*, January 16, 1980—Noel Theodora Sferra, Richard Joseph LaMont, and Roland J. Christy, executors under the will of Theodore LaMont, petitioned the court for issuance of a citation to the Internal Revenue Service (I.R.S.) directing it to show cause why a claim or claims, if any, of I.R.S. should not be dismissed. In response thereto I.R.S. moved to dismiss the suit for lack of subject matter jurisdiction in this court.

I.R.S. claims that decedent owed $2,400 to Valley Forge Roofing, Inc. when he died on April 29, 1974. In attempting to collect unpaid withholding taxes from the corporation, the revenue officer obtained in March, 1976, a list of the accounts receivable which includes the $2,400 debt of this decedent. A copy of the notice of levy indicates an issuance date of June 8, 1977, to Ted LaMont.

On December 17, 1977, executors sent notice by certified mail of the filing of the account on November 30, 1977, and of the future audit to I.R.S. in Philadelphia. I.R.S. did not respond to the notice nor did they appear at audit on January 3, 1978. On September 18, 1979, executors filed the instant petition which was served on September 20, 1979,

and returnable November 9, 1979. I.R.S. filed no answer nor appeared on the return day. On November 15, 1979, I.R.S. filed a motion to dismiss the suit as to the United States.

It is a basic principle that the United States of America may not be sued unless such a right is given by a specific Federal statute or it consents to suit: U.S. v. Shaw, 309 U.S. 495 (1940). Executors have alleged no specific statute granting this court jurisdiction.

The levy by I.R.S. was made under section 6331 of the Internal Revenue Code of August 16, 1954, 68A Stat. 783, as amended, 26 U.S.C.A. §6331 (I.R.C.). I.R.C. section 7426 provides the only method for contesting the levy, stating:

"If a levy has been made on property or property has been sold pursuant to a levy, *any person* (other than the person against whom is assessed the tax out of which such levy arose) *who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.* Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary." (Emphasis supplied.)

Therefore, jurisdiction is in the Federal district court.

Executors have argued vigorously that proceedings in the orphans' court are quasi in rem and that in quasi in rem and in rem proceedings, only the court acquiring jurisdiction over the res has jurisdiction to resolve the controversy. None of the cases

cited by the executors address a claim of the United States.

The Federal government is the exception to the rule that claims must be perfected at or before audit. Such a rule of procedure would subject the action of the Federal government to the regulation of the state government: U.S. v. Backus, 24 Fed. Cas. 932 (Case No. 14,491 Mich. 1855). It is clear that a personal representative's liability for Federal income taxes and their statutory priority continue despite court discharge of the personal representative: U.S. v. Weisburn, 48 F. Supp. 393 (E.D. Pa. 1943); Kohn's Est., 146 Pa. Superior Ct. 1, 21 A. 2d 513 (1943); Act of May 10, 1934, 48 Stat. 760, 31 U.S.C.A. §§191 and 192. Only when the United States presents its claim at audit does it subject itself to state jurisdiction: U.S. v. Pate, 47 F. Supp. 965 (W. D. Ark. 1942). I.R.S. did not present its claim at audit and, therefore, did not submit to the jurisdiction of this court.

Executors argue that they did not receive proper notice of the claim because notice of levy, which was attached to their brief, was addressed to decedent and not the estate of decedent. We do not reach that issue because of our lack of jurisdiction.

The court finds that it lacks subject matter jurisdiction to dismiss the claim of the I.R.S. against the estate of decedent.


## DECREE


And now, January 16, 1980, the motion of the executors to dismiss the claim of I.R.S. is herewith denied.