## DECATUR COUNTY v. BRIGHT ET AL.

1. **Bond:** ACTION ON: CONSIDERATION: NON-JOINDER OF PARTIES. In an action upon a bond given to secure the payment for certain lands, alleged to have been purchased by another, it was held that the evidence led strongly to the conclusion that the contract of purchase had never been completed; that if there was no mutually binding contract of purchase the bond would be without consideration; and that as other parties may have an interest in the determination of the question as to the validity of the contract, who have not been made parties to the record, no judgment could properly be entered in the case.

*Appeal from Decatur Circuit Court.*

FRIDAY, MARCH 24.

THE plaintiff commenced this action on the 2d day of October, 1879, claiming of the defendants the sum of one hundred and sixty dollars, with interest at ten per cent, from January 1st, 1879, on a bond, a copy of which is as follows:

" This indenture witnesseth that John Bright, his heirs, executors and assigns, are held and firmly bound unto the county of Decatur, and State of Iowa, in the penal sum of five hundred dollars, that he will on the 1st day of January, 1879, pay to the said county, for the use and benefit of the school fund of said county, the sum of one hundred and sixty dollars, as the one-third cash payment on the east half of the southeast quarter, section 16, township 67, range 24, west, and assume the payment of the balance due on a certain contract executed by J. B. Sanders on said land, amounting to three hundred and twenty dollars. This obligation to be null and void when the stipula-

tions therein set forth are fully complied with, otherwise to remain in full force and effect.

"Executed at Leon, Iowa, this 4th day of September, 1878.

JOHN BRIGHT.

"We, the undersigned, hereby bind ourselves, heirs, executors and assigns, in the penalty named in the above bond of John Bright, that the stipulations, therein set forth, shall be fully complied with. HERD INGRAM."

The defendants answered as follows:

"1. That the bond sued on in this case was made without consideration.

"2. That there has been a payment of $40 on the sum secured by said bond.

"Defendants further say that the bond in controversy was made on account of certain real estate, described in petition, which was sold without authority of law, and a certain note which was given without authority of law, and when it was given it was for the purpose of guaranteeing that one Samuel Bright would not remove his property from Decatur county, so as to endanger the collection of his note of one hundred and ten dollars, which is the indebtedness intended by the $160 claimed in the petition; that said Samuel Bright has not removed his property; that it was illegally obtained and without defendant's knowledge and understanding that he should be responsible for the debts set out in the petition, and said matters were inserted in the bond by mistake and misunderstanding of the parties; and that the defendant is ignorant and illiterate, and can hardly read writing, and was misled by the plaintiff as to the contents of said bond.

"4. The defendants further say that said bond is illegal and void, because the plaintiff had no authority to demand and accept the bond sued on for any purpose.

"5. The defendants further say that the lands described in the petition were school lands and were sold by plaintiff with-

out securing the one-third part in cash, which never has been paid, and the money claimed in the petition is for the payment of said illegal and void contract, for sale of said land and is therefore void.

"Wherefore defendants demand that said contract be corrected in accordance with the statement of this answer, and judgment for costs and other relief."

Upon the filing of this answer the defendants moved the court to transfer the cause to the equity docket, and that it be tried upon depositions and written evidence. This motion was sustained. Afterwards the defendants filed an amendment to their answer as follows:

"1. That in the year 1865, or 1866, the plaintiff sold to J. B. Sanders the E $\frac{1}{2}$, S E $\frac{1}{4}$, section 16, township 67, range 24, Decatur county, Iowa, for the agreed price, under appraisement at 50 cents per acre, amounting to $40, and said Sanders paid for the same, and entered into possession of the land, and made valuable improvements thereon to the amount of $200.

"2. That the plaintiff failed to perfect the title to the land and refused, or was unable, to procure the title to the land from the State, and Sanders could not get the title.

"3. That afterwards, in 1875, one Samuel Bright undertook to purchase the land from the plaintiff, and executed his note for $110 to plaintiff to procure the first payment to be made on the land, but for some cause failed to get the money on said note, although the said note is still held by the plaintiff.

"That afterward, in 1875, J. B. Sanders, failing to get the title to said land, sold and released to said Sam. Bright, all his interest in said lands, being the price paid on the original contract, $40, and interest, and the improvements made, and under this claim Samuel Bright entered into possession of the said lands.

"That said Sanders does not now have, nor never did have, any other claim on said lands than that growing out of the original purchase in 1865 or 1866.

"Defendants ask that J. B. Sanders, Samuel Bright and their wives, and all parties claiming under them, be made parties to this suit, and their interest in said lands be foreclosed, and that plaintiff be required to pay back the original purchase price, and pay for the improvement made on the land, or in case the court finds a contract existing to support the bond sued on, that the land be first sold to satisfy said debt, and for such other relief as the defendants may be entitled."

The court rendered judgment against the defendants for $184.84, and ordered that when the judgment should be paid it should operate as a discharge of the note and mortgage given by Samuel Bright to the school fund of Decatur county for $110.40, dated September 15th, 1875. The defendants appeal.

The facts are stated in the opinion.

*J. B. Morrison* and *W. H. Robb*, for appellants.

No argument for appellee.

DAY, J.—The material facts in the case are substantially as follows: In the year 1866, J. B. Sanders contracted with Decatur county for the purchase of the eighty acres of land described in the answer, at the appraised price of 50 cents per acre, $40 for the tract. Sanders paid the $40, and entered into the possession of the land, and made improvements thereon of the value of $200. When he made application for a patent, it was learned that the sale was void and that a patent could not be obtained. He then, in 1875, undertook to make a new contract with the county for the purchase of the land at $6 per acre, $480 for the tract. Being unable to raise the cash payment of one-third required by law, he arranged with Samuel Bright to take one-fourth of the land and make the first payment, $160, after deducting therefrom the $40 already paid, and the interest thereon, leaving of the first payment to be provided for, $110.40.

1. BOND: action on: consideration : nonjoinder.

Samuel Bright was to borrow this sum from the school fund and secure it by a mortgage on other lands, and then pay it over to the school fund for the balance of the cash payment due on the Sander's contract. In pursuance of this arrangement, Samuel Bright executed to the county, his note for $110.40, with Herd Ingram, W. C. Cozad and Henry Bright, as sureties. He also executed a mortgage on certain lands to secure this note. The title to part of the mortgaged lands was not good, and the loan was refused. The note and mortgage were left with the county auditor in the hope that the title might be perfected, and the loan consummated. In the meantime, interest fell due on the note, which Samuel Bright paid. He failed to get the title fixed, and did not obtain any money on the note and mortgage. Sanders, after waiting some time, and not being able to raise the cash payment, wrote to the county auditor that he could not complete the contract, and asked to be released, and that the auditor sell the land to Samuel Bright if he could do so. Sanders also wrote to the auditor that he could not take the land but would sell his interest to Samuel Bright and be released. To this, the auditor replied, it was all right, and Sanders supposed he was released. Sanders then sold his improvements to Samuel Bright, and left the land. This occurred in November or December, 1875. The written contract between Sanders and the county auditor for the purchase of the land, is dated September, 15, 1875, but it was not acknowledged until October 29, 1878, and Sanders testified it was not signed by him until that day. Respecting the signing of this contract, Sanders testified as follows: "This was about November or December, 1875. I wrote to the auditor, and received the answer, and sold to Sam. I did not know anything more about it till the October term of the Circuit Court, 1878. The auditor called me into his office and said to me, 'you have sold out your interest in that land to Sam Bright, have you?' I said yes. 'Then sign this paper,' he says, 'and it will be all right.' I was in a hurry, court had

been called, and I signed the paper without reading it. I now see it was a contract of purchase for E ½ SE ¼ Sec. 16, 67, 24, Iowa, at $6. This is the only contract I signed of that kind, and did not know until to-day I had signed such a contract. The notes I signed for the two-thirds were to be left with the auditor and not used, unless I could raise the cash payment, and complete the contract, which I could not do, and supposed till to-day that my notes were null and void. I never paid my interest on the notes." It does not appear that any contract was made with Samuel Bright for the sale of the land. The sureties of Samuel Bright on the note of $110.40 became apprehensive that they might be held for the payment of that note, and made preparations to sue out an attachment against Samuel Bright's property. To release these sureties and prevent the issuance of an attachment, John Bright, who is the father of Samuel Bright, executed the bond now sued upon. This bond, it will be observed, is for the payment of one hundred and sixty dollars, as the one-third cash payment on the lands referred to in the answer, and the assumption of the payment of the balance due on a certain contract executed by J. B. Sanders on said land, amounting to three hundred and twenty dollars. Now, it is evident, we think, if no contract, mutually binding, existed between Sanders and the county for the purchase of the land, there was, as between the defendants and the county, no consideration for the obligation sued upon. It would be manifestly unjust and inequitable to permit the county to recover from the defendants one-third the purchase price of the land, and at the same time repudiate the contract of sale, upon the ground that the contract had not been consummated. The evidence before us leads strongly to the conclusion that the contract of purchase was never completed. But, as both Sanders and Samuel Bright are, or may be, interested in the determination of this question, it cannot properly be decided without making them parties to the record. Upon the case, as presented to us, we think judgment cannot be en-

tered against the defendants. The cause will be reversed and remanded with leave to the plaintiff to make Sanders and Samuel Bright parties, if so advised.

REVERSED.