## ALICE E. MINING CO. v. BLANDEN et al.

(Circuit Court, N. D. Iowa, C. D.   April 15, 1905.)

### No. 268.

1. EXECUTORS — CLAIMS — ABANDONMENT — RIGHTS OF CREDITOR — FEDERAL COURTS.

A nonresident creditor may establish his claim in the courts of the United States against the personal representatives of his deceased debtor, the requisite amount and diversity of citizenship appearing, notwithstanding the laws of the state of the debtor's residence in terms limit the right to establish such claims to proceedings in the proper probate courts.

2. SAME—WHAT LAW GOVERNS.

In proceedings in the federal courts for the establishment of a claim by a nonresident creditor against his debtor's estate, the law of the state of the debtor's residence will be applied.

3. SAME—LIMITATIONS.

Code Iowa, §§ 3447, 3451, provide that actions on written contracts shall be brought within 10 years after the cause of action accrues, and declare that the delivery of the original notice to the sheriff of the proper county for service, or actual service by another, shall be the commencement of the action. Section 3278 et seq. provides that, if a decedent leaves a will, it shall be opened and read by the clerk, and a day fixed in term time for proving it; that, if the person nominated as executor refuses to accept or neglects to qualify within ten days, the office shall be vacant; that when, for any cause, general administration or probate cannot be immediately granted, special administrators may be appointed to preserve the estate, without authority to allow claims, and, on granting full administration, the powers of special administrators shall cease, and the business be transferred to the general administrator or executor; that the executors first appointed and qualified shall within 10 days publish notice of their appointment, and that claims shall be filed with the clerk, and 10 days' notice of hearing at some regular term of court served on one of the executors as required for commencing ordinary actions; and that all claims of the fourth class, which shall not be filed and allowed, or, if filed, and notice thereof is not served within 12 months after the giving of notice, shall be barred. Testator died April 21, 1904, and his will was proved August 24th following—the earliest date possible. Plaintiff, the holder of two notes due, respectively, August 15, 1894, and August 15, 1895, brought suit thereon against defendants, as special administrators, August 6, 1904, and, after their appointment as general administrators, served them with notice on October 14th. They appeared generally on November 1st, and were substituted as parties defendant on November 25th. Held, that since there was no time after testator's death that plaintiff could have sooner procured administration and brought action to prove his claim, the note due August 15, 1894, was not barred.

## On Demurrer to the Petition.

August 6, 1904, the plaintiff filed its petition in this court, in two counts, against Chas. G. Blanden, a citizen of Illinois, and J. W. Campbell, a citizen of Iowa, as special administrators of the estate of Leander Blanden, deceased, as defendants, from the allegations of which, as subsequently amended, it appears that the plaintiff is a corporation organized under the laws of Kentucky; that Leander Blanden, a citizen of Iowa, residing in Webster county, therein, died testate in that county April 21, 1904; that by his will the deceased appointed said Chas. G. Blanden and J. W. Campbell as executors thereof; that on April 25, 1904, the said Chas. G. Blanden and J. W. Campbell were duly appointed by the proper probate court, and qualified, as special administrators of the estate of said deceased, to preserve the property thereof, under the orders of said court, until the will could be proven, the executors qualified, and general administration upon the estate granted; that long prior to the filing of said petition the said Leander Blanden, together with one W. A. Jones, made to the plaintiff his two promissory notes, each for the sum of $4,675.22, bearing 6 per cent. interest, and due, respectively, August 15, 1894, and August 15, 1895; and that there was due upon said notes, respectively, $7,468.72 and $7,177.72, together with 6 per cent. interest from July 29, 1904, no part of which had been paid. Judgment is asked against the defendants, as special administrators of said estate, for the amount of said notes and interest, and that the same be established as a claim against the estate of said deceased. On the filing of said petition, summons was duly issued by the clerk of this court against the defendants, as such special administrators, requiring them to appear and answer the petition, which summons was delivered to the marshal for service on said August 6th, and the same was duly served by him that day upon the defendant J. W. Campbell in Webster county, Iowa. October 14, 1904, the plaintiff filed an amendment to the petition, and as supplemental thereto, in which it is alleged that on August 8, 1904, the plaintiff filed in the district court of said Webster county, as a court of probate, a claim against the estate of said deceased, founded upon the said two promissory notes; that the will of said Leander Blanden, deceased, had been duly proven and admitted to probate in said Webster county August 24, 1904; that the executors named therein duly qualified as such September 1, 1904, and were then acting as such; and it was asked that said executors be substituted as parties defendant to this action in lieu of the special administrators, and that plaintiff have judgment against said executors for the amount of said notes, and that the same be established as a claim against the estate of said deceased. Notice of the filing of such petition was duly served upon the defendants, as such executors, on said October 14th, and they appeared by counsel November 1st following, and resisted being substituted as defendants to the action. November 25th the court ordered that said executors be substituted as defendants in the action in lieu of the special administrators, without prejudice to their right to present or plead any defense they might have to the causes of action alleged in the petition and amendment thereto. The defendants, as executors of the will of said deceased, thereupon demurred to the petition as amended upon the grounds, in substance, (1) that the action against them as executors was not commenced until October 14, 1904, and that more than 10 years had then elapsed since August 15, 1894, when the cause of action upon the first of the notes described in the petition accrued, and that the court acquired no jurisdiction of defendants as such executors until said October 14, 1904; (2) that the special administrators against whom the action was first commenced had no power or authority to allow claims against said estate, and that the commencement of the action against them was without authority of law, and ineffective to prevent the running of the statute of limitations upon the notes sued upon; (3) that the court is without jurisdiction of the subject-matter of the action, or of the defendants as executors of the will of said deceased, for that since the probate of the will, and the appointment and qualification of the defendants as executors thereof, no claim has been filed in the district court of Webster county as a court of probate, and that no claim can be considered as filed against the estate until there come into existence parties having authority to act on such claims. It is conceded by

counsel for the defendants that the first term of court after the death of said Leander Blanden at which his will could be proven convened in said Webster county August 24, 1904.

Dale & Harvison and F. A. Grosenbaugh, for plaintiff.
Wright & Nugent, for defendants.

REED, District Judge (after making the foregoing statement). The demurrer challenges the right of the plaintiff to recover upon the grounds (1) that this court is without jurisdiction of the subject-matter of the action, because the plaintiff has not filed its claim against the estate of the deceased, in the proper probate court of Webster county, since the will was proved and the executors qualified; and (2) that the note due August 15, 1894, is barred by the statute of limitations.

That a nonresident creditor may establish his claim or debt in the courts of the United States against the personal representatives of his deceased debtor, the requisite amount and diversity of citizenship appearing, is well settled, notwithstanding that the laws of the state of the debtor's residence relative to the settlement and administration of estates of deceased persons in terms limit the right to establish such claims to proceedings in the proper probate courts of the state. Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357; Union Bank v. Vaiden, 18 How. 503, 15 L. Ed. 472; Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, 35 L. Ed. 88; Security Trust Co. v. Bank, 187 U. S. 227, 23 Sup. Ct. 52, 47 L. Ed. 147. In the exercise of such jurisdiction, the courts of the United States administer the law of the state of the debtor's residence under the same rules that control local tribunals in the adjustment of claims against the debtor's estate. Aspden v. Nixon, 4 How. 494, 11 L. Ed. 1059; Walker v. Walker, 9 Wall. 745, 19 L. Ed. 814; Byers v. McAuley, 149 U. S. 615, 13 Sup. Ct. 906, 37 L. Ed. 867; Security Trust Co. v. Bank, 187 U. S. 227, 23 Sup. Ct. 52, 47 L. Ed. 147. As the jurisdiction of the federal courts depends upon the Constitution and laws of the United States, such jurisdiction cannot be limited or restricted by state legislation, if any, which may require that claims against the debtor's estate shall be filed in the local probate court before action thereon can be brought in the United States courts. The objections to the jurisdiction of the court are therefore untenable.

The question of the statute of limitations is the principal one involved, and that is to be determined by the laws of Iowa. It appears that the notes sued upon were due, respectively, August 15, 1894, and August 15, 1895; that Gen. Blanden died testate April 21, 1904; that the earliest date thereafter upon which his will could be proven was August 24, 1904; that it was proven on that date; that the executors therein named duly qualified September 1, 1904, and, as such executors, were first served with notice or summons October 14th, appeared generally to the action November 1st, and were substituted as parties defendant by order of the court November 25th following.

The statutes of Iowa provide that actions upon written contracts shall be brought within 10 years after the cause of action accrues; that the delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, or the actual service of such notice

by another person, is the commencement of the action; that the time during which the defendant is a nonresident of the state shall not be included in computing any of the periods of limitations. Code 1897, §§ 3447, 3451. The statutes for the settlement of estates of deceased persons provide:

"If no executors are named in the will of a deceased person, or if those named fail to qualify and act, the court admitting it to probate shall appoint one or more to carry it into effect. After the will is produced, the clerk shall open and read the same, and a day shall be fixed by the court or clerk for proving it, which shall be during a term of court. If a person nominated as executor refuses to accept the trust, or neglects to appear within ten days after his appointment and give bond, the office shall be vacant; and in case of a vacancy, letters of administration with the will annexed may be granted to some other person. In other cases, where an executor is not appointed by will, administration shall be granted (1) to the husband or wife of the deceased; (2) to his next of kin; (3) to his creditors; (4) to any other person whom the court may select. To each of the above named classes in succession a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration. When from any cause, general administration or probate of a will cannot be immediately granted, one or more special administrators may be appointed, to collect and preserve the property of the deceased, but they shall take no steps in relation to the allowance of claims against the estate, and upon the granting of full administration the powers of special administration shall cease, and all the business be transferred to the general administrator or executor. The executors or administrators first appointed and qualified for the settlement of the estate shall, within ten days, publish such notice of their appointment as the court or clerk may direct. Claims against the estate shall be clearly stated, sworn to, and filed with the clerk, and ten days' notice of the hearing thereof—which shall be at some regular term of the court—served on one of the executors or administrators in the manner required for commencing ordinary actions. Demands against the estate shall be payable in the following order: (1) Debts entitled to preference under the laws of the United States; (2) public rates and taxes; (3) claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment; (4) all other debts. All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months after the giving of the notice aforesaid, will be barred, unless peculiar circumstances entitle the claimant to equitable relief." Code 1897, § 3278 et seq.

The statute of limitations does not, in terms, provide that the death of a debtor after a cause of action against him has accrued shall suspend the running thereof; and in support of the demurrer the rule is invoked that, when the period of limitations has once commenced to run, it will not be suspended, except where the statute itself so provides. That such is the general rule may be conceded, but there are exceptions to it. Statutes of limitations are based upon the presumption that one having a legal claim will not delay enforcing it beyond a reasonable time, if he has the power to bring suit upon it. Such reasonable time is therefore fixed and allowed. But the basis of the presumption is gone whenever the right or ability to resort to the courts or to bring the action does not exist. In such cases the creditor has not the time within which to bring his suit that the statute has given him, and the time that he is so prevented from suing upon his claim will not be included in computing the period of limitation. Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939; U. S. v. Willey, 11 Wall. 508, 20 L. Ed. 211; Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895. In the fore-

going and other cases the creditor was prevented from suing either because the courts were closed by reason of war or by operation of law, but in Bauserman v. Blunt, 147 U. S. 652, 13 Sup. Ct. 466, 37 L. Ed. 316, it was held that the rule was applicable where the creditor was prevented from suing by reason of the death of his debtor (no administration upon his estate having been granted), and the creditor, by reason of the local law, was prevented from procuring the appointment of such administrator for a specified time; and it was held that during such time the running of the statute of limitations was arrested, though the statute itself did not so provide.

Whether or not the death of the debtor after the period of limitation has begun to run, and before it has expired, will suspend its running in favor of his personal representatives, when they have not been and could not be appointed until after the full period of limitation had run —the statute not so providing—has not been directly determined by the Supreme Court of Iowa. In Wood on Limitations (3d Ed.) pp. 9, 10, it is said that such facts would not suspend the running of the statute. Among the citations in support of the text are several in which the person deceased was the creditor or one entitled to sue, and the delay was in the appointment of his personal representatives; and some are cases against heirs of a deceased debtor to subject property to the payment of debts after the settlement of the estate in probate, or where the time in which administration might be granted had elapsed. Such cases are not in point here, as their determination depends upon other principles. The general statute of limitations of the state of Kansas, as well as that for the settlement of the estates of deceased persons, is substantially the same as those of the state of Iowa. The Supreme Court of that state has repeatedly held that the death of the debtor arrests the running of the statute until an administrator of the estate has been or can be appointed. Toby v. Allen, 3 Kan. 399; Hanson v. Towle, 19 Kan. 273; Nelson v. Herkel, 30 Kan. 456, 2 Pac. 110; Mills v. Mills, 39 Kan. 455, 18 Pac. 521.

In Bauserman v. Charlott, 46 Kan. 480, 26 Pac. 1051, the question arose as to the length of time the statute would be so suspended, and the court says:

"The precise question is, if, under the prior decisions of this court, the death of the debtor operates to suspend the statute of limitations, is the statute indefinitely suspended? Clearly, a creditor ought not to gain any advantage by his own laches or by his own delay. When a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim, or instituting such proceedings as the law regards sufficient to preserve it. Amy v. Watertown, 130 U. S. 325, 9 Sup. Ct. 537, 32 L. Ed. 953; Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152. In a case where some act is to be done, or condition precedent to be performed, by a party, to entitle him to his right to sue, and no definite time is fixed in which the act is to be done or condition performed, he must exercise reasonable diligence' to do the one or perform the other, or he will be barred by the statute of limitations; otherwise it would be in his power to defeat the law by his own negligence and wrong. * * * Therefore, if the plaintiff below had availed himself of those means which the law provides for prosecuting his claim, he could have taken action as soon as 50 days had elapsed after the death of his alleged debtor. If a creditor would save his debt from the statute bar, he should take out administration himself. Granger's Adm'r v. Granger, 6 Ohio, 35."

This case is approved in Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316; the Supreme Court saying:

"That decision was evidently deliberately considered and carefully stated, with the purpose of finally putting at rest a question on which some doubt had existed. It is supported by satisfactory reason, and is in accord with well-settled principles, and there is no previous adjudication of that court to the contrary. In every point of view, therefore, it should be accepted by this court as conclusively settling that the operation of the statute of limitations of Kansas is suspended after the death of the debtor for the 50 days only, during which the creditor could not apply for the appointment of an administrator, or, at most, for a reasonable time after the expiration of the 50 days."

In Savage v. Scott, 45 Iowa, 130, it is held by the Supreme Court of Iowa that, upon the death of the debtor, claims which might be enforced by personal action against him become the subject of proceedings prescribed by law against his administrators or executors, and that the personal representative takes the place of the deceased debtor. This being true, the right of action is necessarily suspended until the appointment of such administrators or executors; and any claim that might have been enforced against a debtor at the time of his death may be enforced against his executor or administrator, within the time prescribed by law therefor, in any court having jurisdiction thereof. The time so prescribed is a period of limitations, as to debts owing by the debtor at the time of his death, distinct and separate from that fixed by the general statute of limitations, is not operative until the death of the debtor, and then supersedes the general statute of limitations, and stops the running thereof, as to such debts. Such time may shorten or it may extend the period fixed by the general statute of limitations as to such debts, and all thereof that are not barred at the time of the death of the debtor may be proven against his executors or administrators within the time fixed therefor, and will not be barred until the expiration of such time.

The death of Gen. Blanden, April 21, 1904, prevented a personal action against him thereafter upon either of the notes declared upon in the petition, and neither of them was then barred by the statute of limitations. By his will he named the defendants as executors thereof. Until that will was proven, general administration of his estate could not be granted. Code, §§ 3278, 3297; Long v. Burnell, 13 Iowa, 28, 81 Am. Dec. 40; Pickering v. Weiting, 47 Iowa, 242. The earliest date at which it could be proven was August 24, 1904, and it was proven on that date. The executors named in the will had 10 days thereafter in which to qualify. They did so qualify September 1, 1904, within such 10 days. There was no time between the death of the debtor and the qualification of the executors that plaintiff could have procured the appointment of other executors or administrators, and during such time it could not bring an action against any one in any court to enforce its claim unless it could do so against the special administrator. It does not appear when the executors gave notice of their appointment as such, but it could not have been before they were appointed. After such notice was given, creditors have one year in which to file their claims with the clerk of the probate court, and serve notice thereof on the ex-

ecutors, before such claims are barred under the statute for the settlement of the estates of deceased persons. October 14, 1904, the plaintiff petitioned for substitution of the executors as parties defendant to the action, and notice was served upon them that day; they entered·their appearance to the action November 1st, and were substituted as defendants by order of the court November 25, 1904—all of which was within the year after the proof of the will and the qualification of the executors.

The conclusion is that an action against the executors upon either of the notes was not barred October 14, 1904. As to the note maturing August 15, 1895, the 10 years, even, have not yet run. It is unnecessary, therefore, to determine the effect of the commencement of the action against the special administrators.

The demurrer is overruled.