FARMERS' BANK OF CUBA CITY, WIS., v. WRIGHT et al.

(Circuit Court, N. D. Iowa, C. D. January 25, 1908.)

No. 298.

1. COURTS—FEDERAL COURTS—SUIT TO ESTABLISH CLAIM AGAINST ESTATE—PARTIES.

In proceedings to establish claims against the estates of deceased persons, the federal court follows and administers the local law, and it is only necessary in such a proceeding in that court to serve those whom it would be necessary to serve if the proceeding were in the state court; and such parties only are indispensable parties defendant either in the state or federal court.

2. SAME—JURISDICTION—NONRESIDENT EXECUTOR.

Iowa Code 1897, § 3465, provides that "where two or more parties are bound by contract * * * or statute whether jointly only, or jointly and severally, or severally only, * * * the action thereon may at the plaintiff's option be brought against any or all of them." Section 3410 provides that "in an action against several executors or administrators they shall be considered one person, and judgment may be taken and execution issued against all as such although only a part were served with notice." Rev. St. § 737 [U. S. Comp. St. 1901, p. 587], relating to federal courts, provides that "the misjoinder of parties who are not found within the district shall constitute no matter of abatement or other objection to the suit," but that the judgment against the parties properly before the court shall be without prejudice to parties not served nor appearing. *Held,* that, under such statutes, a federal court had jurisdiction of a suit against executors appointed in Iowa to establish a claim against the estate of their testator, and that its jurisdiction was not affected by the fact that one of the executors joined was a citizen and resident of another state and was not served, such executor not being an indispensable party under the Iowa statute.

[Ed. Note.—Jurisdiction as affected by state laws, see note to Barling v. Bank of British America, 1 C. C. A. 513.]

**3. SAME—PENDENCY OF CLAIM IN STATE COURT.**

Iowa Code 1897, § 3338 et seq., relating to claims against the estates of decedents, requires such claims to be filed with the clerk of the district court within the stated time to prevent the same from being barred by limitation and to fix their class, and unless approved by the executor or administrator they must thereafter be established by the court on notice in what is in effect an ordinary independent suit. *Held*, that the filing of a claim as so required by a nonresident creditor does not bar his right to maintain a suit to establish the same in a federal court where the jurisdictional facts exist, even if it be assumed that after such filing the matter is pending in the state court.

At Law. On demurrer to defendant's plea in abatement and to the jurisdiction of the court.

The plaintiff, a Wisconsin corporation, filed its petition against George Wright and W. H. Wasem as executors of the will of John Wasem, deceased, late of Wright county, this state, to establish a claim against said estate based upon two promissory notes, aggregating $14,200, alleged to have been made by the deceased in his lifetime to A. H. Wasem or order, who then was, and still is, a citizen of Wisconsin. The petition alleges that the deceased, John Wasem, a resident of Wright county, this state, died testate in that county July 26, 1906; that his will was duly admitted to probate by the district court of Iowa in and for that county in October following; and that defendant George Wright, then and now a citizen of Iowa residing in said Wright county, and W. H. Wasem then and now a citizen of South Dakota residing in that state, were named in said will as executors thereof, and by said court duly appointed joint executors of said will and of the estate of the deceased on October 9th; and that they have duly qualified, and are now acting as such. It also alleges that pursuant to the provisions of the Iowa Code, relating to the settlement of the estates of deceased persons, the plaintiff made a written statement of its claim against said estate based upon said notes, setting forth copies thereof, duly verified the same, and filed it with the clerk of the district court of said Wright county February 7, 1907, within six months after the notice of the appointment and qualification of said executors was given. The prayer of the petition is that the said claim be allowed; that it be adjudged that the executors of said will and the estate of said deceased are indebted to the plaintiff in the amount of said two notes, with interest from their dates according to the terms thereof; and for such other order in the premises as may be authorized by law. The petition names both executors as defendants, but defendant Wright only is served with summons, and he alone appears and files pleas in abatement and to the jurisdiction of the court upon the grounds: (1) That his co-executor is an indispensable party to this proceeding; that he has not been served with summons; has not appeared; and is now, and was when this action was commenced, a citizen and resident of South Dakota, and cannot rightly be made a party defendant hereto. (2) That at the time of the commencement of this action there was, and still is, pending in the district court of Iowa in and for Wright county, an action by this plaintiff against the estate of John Wasem, deceased, upon the same causes of action set forth in the petition in this action, to prove and establish the same as a claim against said executors and said estate. The plaintiff demurs to each of these pleas.

McGrath & Archerd, Healy & Healy, and Thos. D. Healy, for plaintiff.

Eugene Schafter, Nagle & Nagle, Birdsall & Birdsall, and Kelleher & O'Connor, for defendant Wright.

REED, District Judge (after stating the facts as above). Defendant's first plea challenges the right of the court to establish the claim against the estate of John Wasem, deceased, because one of the co-executors of his will, who has qualified and is acting as such with

defendant, is a citizen of South Dakota, has not appeared, and cannot be served with process within the jurisdiction of this court. It is not disputed that a nonresident creditor may establish his claim against the estate of his deceased debtor in the proper circuit court of the United States, the requisite amount and diversity of citizenship existing; but it is contended by the defendant Wright that his co-executor Wasem is jointly liable with him, and is therefore an indispensable party to this proceeding. In view of the limited jurisdiction of the federal courts the question lies at the threshold of this proceeding. It was the rule at common law that when one only of several joint obligors was sued, he could plead the nonjoinder of the others in abatement. And the rule applied to suits against joint executors to recover upon obligations of the testator. Hensloe's Case, 9 Coke, 36 (vol. V, p. 64); Swallow v. Emberson, 1 Levin, 161; 1 Chitty's Pl. 52 (14th Am. Ed.); Gould's Pl. (Hamilton) p. 197. Following that rule, it was early held in the federal courts, in the absence of statute changing it, that if those not served were citizens of the same state as the plaintiff, or of some other district so that they could not be served with process within the district where the suit was brought, the jurisdiction of the court was defeated. Barney v. Baltimore City, 6 Wall. 280–286, 18 L. Ed. 825. But this rule of the common law is abrogated in many of the states, Iowa among them. The Code of Iowa 1897 provides:

"Sec. 3465. Where two or more persons are bound by contract or by judgment, decree, or statute, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, common orders and checks, and sureties on the same or separate instruments, or by any liability growing out of the same, the action thereon may at the plaintiff's option, be brought against any or all of them. When any of those so bound are dead, the action may be brought against any or all of the survivors, with any or all of the representatives of the decedents, or against any or all of such representatives. An action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others."

And to avoid the effect of the rule in the federal courts, the act of February 28, 1839, c. 36, 5 Stat. p. 321, was enacted. That statute, with some unimportant changes, is section 737 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 587], which is as follows:

"Sec. 737. When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process not voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

A plaintiff prosecuting his action to judgment against one of his joint debtors, as authorized by these statutes, obtains only the relief to which he is entitled as against him; and no injustice is done to the others because their rights are not affected by such judgment. Barney v. Baltimore, 6 Wall. 287, 18 L. Ed. 825. But neither of these

statutes, nor the forty-seventh equity rule, authorizes the court to proceed to final judgment or decree in the absence of parties who are indispensable to a final determination of the question before it. Code of Iowa 1897, § 3466; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Minnesota v. Northern Security Co., 184 U. S. 199–237, 22 Sup. Ct. 308, 46 L. Ed. 499; Decatur Co. v. Bright, 57 Iowa, 724–729, 11 N. W. 653.

The question then is, are all of the executors, or administrators, when more than one is appointed of the estate of a deceased person under the Iowa statute, indispensable parties to a proceeding by a creditor in a circuit court of the United States in that state, to establish his claim against the estate of his debtor, who was domiciled in that state at the time of his death, and whose estate is being there administered? The federal courts, in proceedings to establish claims against the estates of deceased persons, follow and administer the local law for the allowance of claims against such estates. Aspden v. Nixon, 4 How. 467, 11 L. Ed. 1059; Security Trust Co. v. Bank, 187 U. S. 211–227, 23 Sup. Ct. 52, 47 L. Ed. 147; Mining Co. v. Blanden, (C. C.) 136 Fed. 252–254.

In Iowa, since 1886, the district court (which is the court of general jurisdiction) exercises jurisdiction in the probate of wills and the settlement of the estates of deceased persons; and the powers, duties, and obligations of executors or administrators, as the case may be, in that state with reference to the settlement of such estates are identical; and each is charged with the obligation to apply the estate of the deceased person liable for his debts to their payment. Code 1897, § 3270 et seq. Other sections are:

"Sec. 3338. Claims against the estate shall be clearly stated, and, if founded upon a written instrument, the same or a copy thereof and of all indorsements thereon shall be attached as a part of the statement, and if upon account, an itemized copy shall be attached, showing the balance; which statement must be sworn to and filed with the clerk of the district court and ten days' notice of the hearing thereof—which shall be at some regular term of the court—accompanied by a copy of the claim, shall be served on one of the executors or administrators in the manner required for commencing ordinary actions, unless the same has been approved by the executor or administrator, in which case it may be allowed by the clerk without notice, and so entered upon the probate calendar."

"Sec. 3341. If a claim filed against the estate is not fully admitted by the executor or administrator, the court may hear and allow the same, or may submit it to a jury, and on the hearing, unless otherwise provided, all provisions of law applicable to an ordinary action shall apply."

"Sec. 3410. In an action against several executors or administrators, they shall be considered one person, and judgment may be taken and execution issued against all as such, although only part were served with notice."

Administrators were unknown to the early common law. Their appointment for the estates of persons dying intestate was first required by the statute of 31 Edw. III, c. 11 (A. D. 1357), which is as follows:

"That in case where a man dieth intestate, the ordinaries shall depute the next and most lawful friends of the dead person intestate to administer his goods:

"(2) Which deputies shall have an action to demand and recover as executors, the debts due to the said person intestate, in the King's court. * * *

"(3) And shall answer also in the King's court, to other to whom the said dead person was holden and bound, in the same manner, as executors shall answer.

"(4) And they shall be accountable to the ordinaries, as executors be in the case of testament, as well of the time past as the time to come."

This statute, and the later one of 21 Henry VIII, c. 5, are the foundation of the statutes of the American states upon the subject. 2 Blackstone's Com. 496; 3 Redfield, Wills, p. 78 and note (2d Ed.).

In the earlier decisions after the statute of 31 Edw. III, a distinction is made between the powers, duties, and obligations of administrators, and those of executors, who, it is said, derive theirs from the will. That statute does not seem to warrant the distinction thus made, at least as to their duties and obligations in the settlement of the estates; and no such distinction exists under modern statutes—especially like that of Iowa; and under such statutes the powers, duties, and obligations of each in the settlement of estates have been regarded in later decisions as the same. Hudson v. Hudson, 1 Atkyns, 460 (2 Eng. R. C. 135); Dickerson v. Robinson, 6 N. J. Law, 195, 10 Am. Dec. 396–399; 2 Black. Com. 496–507. Sec. 3465 of the Iowa Code, above, is comprehensive, and includes all joint obligations; and its plain purpose is to abolish the common-law rule requiring the joinder in one action of all parties jointly bound, no matter how the obligation arises. The obligations of co-executors arise either from the will, or, as in case of administrators, from the statute, and in either case they are within the very letter of this section. See Moore v. McKinley et al., Executors, 60 Iowa, 367–370, 14 N. W. 768.

The Iowa statute would seem therefore to settle the question against the defendant. But it is earnestly contended in his behalf that the common-law rule still obtains, in the federal courts at least, as to actions against joint executors; and Conolly v. Wells (C. C.) 33 Fed. 205, and cases there cited, are mainly relied upon as sustaining that contention. It must be admitted that the contention has support in that decision. The case, however, may be distinguished upon its facts from this. It was a suit in equity to establish a claim against the estate of a deceased person, and for an accounting of certain bonds or securities intrusted by complainant to the deceased, who in his lifetime was a partner of complainant in certain transactions in which they together obtained such securities, the joint possession and legal title of which, it is held, passed to three executors of the will of the deceased partner, one of whom was a citizen of the same state as the complainant, and was not named as a party defendant, for to have done so would defeat, it was said, the jurisdiction of the court; and it was held that a final decree could not be made concerning these securities without affecting the interest of the absent executor therein. The decision, however, broadly holds that one joint executor, when sued alone for a debt or obligation of the testator, may plead in abatement, as at common law, the nonjoinder of a co-executor; and a statute of Wisconsin similar to section 3410 of the Iowa Code is held not to affect this rule of the common law. The opinion is carefully prepared, is concurred in by the circuit judge, and is entitled to much weight. A number of cases are cited, which the opinion concedes, hold to a dif-

ferent rule. One of them, United States v. Backus, 6 McLean, 443, Fed. Cas. No. 14,491, was an action to recover from the executors of a deceased postmaster, who died in Michigan, a balance due the United States upon their account against the postmaster. There were three executors named in the will, all of whom qualified and were acting as such, two of them being citizens and residents of Wisconsin, and one of Michigan, who alone was served. He appeared and pleaded in abatement the nonjoinder of his two co-executors. In holding the plea to be untenable the court said:

"The objection that two of the executors are citizens of Wisconsin, and, consequently, this action against the defendant is not sustainable, we think is obviated by the provisions of the act of February 28th, 1839, which declares, 'that the nonjoinder of parties, who are not found within the district shall constitute no matter of abatement, or other objection to the suit.' By the statute, the judgment against the party served with process shall not prejudice other parties. And we suppose that this provision applies as well to persons jointly liable as executors as to any other joint liability. It is a well-settled principle that an executor is not liable to be sued in any other jurisdiction than that under which the letters testamentary were granted. And if the suit must abate on the ground stated, the effect would be to defeat the demand of the government."

And it might have been added, of all other creditors who would sue to recover their demands. Tappan v. Bruen, 5 Mass. 193, Parker v. Danforth, 16 Mass. 299, Williams & Ivey v. Sims, 8 Port. (Ala.) 579, and some other cases cited, hold to the same effect, in the absence of any statute upon the subject. Blake v. McKim, 103 U. S. 336, 26 L. Ed. 563, also cited, was an action originally brought in one of the courts of Massachusetts, by a citizen of that state, against three executors of the will of George Blake, upon a bond of the testator. Two of the executors were citizens of Massachusetts, and one of New York, all of whom were sued. They appeared and filed a joint answer, presenting a defense common to all, and subsequently filed a joint petition to remove the suit to the Circuit Court of the United States. It was held that the suit was not removable, because it did not involve any separable controversy between the plaintiff and any of the defendants, and two of the defendants were citizens of the same state as the plaintiff. The statement by Mr. Justice Harlan that all of the executors were indispensable parties but states the common-law rule as to actions against joint obligors, as appears from the citation of Chitty, Gould, and Dicey. The Iowa statute abrogating that rule, permits the plaintiff, at his option, to sue all of his joint obligors, including executors or administrators, in one action, and to have judgment against all jointly; and if a creditor should pursue this course in that state it is plain that if some of those whom he would thus sue were citizens of the same state with himself, the suit would not be a removable one. Nothing in the case touches the question of the right of a creditor, under a statute like that of Iowa, to establish his claim against the estate of his deceased debtor, upon a service of one only of the joint executors of his will. Barney v. Baltimore, 6 Wall. 286, 18 L. Ed. 825, was a suit for the partition of lands. As no partition of lands can be final that would not affect and conclude all of the owners thereof, and as some of those

were not, and could not be made, parties to that suit, it necessarily failed. In Inbusch v. Farwell, 1 Black, 566, 17 L. Ed. 188, Farwell, a citizen of Illinois, commenced suit against James Buchanan, Henry Eastman, and Patten McMillan, doing business as partners under the firm name of Buchanan, Eastman & Co., upon a partnership debt, and attached the property of the partnership. All of the defendants appeared, and Buchanan for the copartners, and John G. Inbusch and another as sureties, executed a bond for the release of the attached property, conditioned for the payment of the judgment that might be recovered against the defendants, on the filing of which the attachment was released. Subsequently it appeared that Buchanan and Eastman were citizens of Illinois, and the action was dismissed as to them for want of jurisdiction. McMillan afterward died, and his administrator was substituted against whom judgment was rendered for the partnership debt. Suit was then brought against Inbusch and the other surety upon the bond given by them. The defense was that Farwell had not recovered judgment "against the defendants" in the attachment suit, and therefore that the condition of the bond was not broken. Mr. Justice Clifford speaking for the court said:

"Jurisdiction of the federal courts is not defeated by suggestions that other parties are jointly liable with the defendants, provided it appears that such other parties are out of the jurisdiction of the court (Act Feb. 28, 1839). * * * Under that law, therefore, without more, it is clear that, if Buchanan and Eastman had not been made parties to the suit, it might have been regularly prosecuted against the other defendant in his lifetime, and after his decease might have been revived and prosecuted against his administrator; and it is equally clear that, by the law of the state and the rule of the court adopting the same, it was competent for the plaintiff under the circumstances to discontinue as to Buchanan and Eastman, and proceed against the administrator of the other partner. Beyond question, therefore, it was a valid judgment upon a partnership debt." And see Hill v. Tucker, 13 How. 458, 14 L. Ed. 223.

One of the English cases cited in Conolly v. Wells is Rouse v. Etherington, 1 Salkeld, 312 (A. D. 1702). While the quotation from the opinion in that case shows that a judgment against joint executors upon a debt of the testator is authorized by an appearance or service of one only, so as to bind the property of the estate, the quotation is inaccurate, and does not show the grounds upon which the decision rests. The action was against two executors upon a debt of the testator. The writ was returned not found as to one. The other appeared, and judgment was given against both.
Upon writ of error Holt, C. J., said:

"By the statute 9 E. III, if debt be brought against several executors, and one appear, and the other make default upon the grand distress, the court may proceed against him that appears, and if the plaintiff recover judgment shall be against all of the executors for the goods of the testator; and the 25 E. III, c. 17, which gives a capias in debt, has been always construed within the equity of the 9 E. III. So that if there be several executors defendants, the cepi is returned as to one, and a non est inventus as to the rest, the plaintiff shall proceed against him that appears, and shall have judgment against all; for the default upon the capias is the same as upon the great distress."

The decision rests therefore, upon the statute of 9 Edw. III, c. 3 (A. D. 1335), which is as follows:

"That in a writ of debt brought against divers executors, the same executors, nor any of them, shall have but one essoin before appearance, that is to say, at the summons, or attachment nor after the appearance they shall have but one essoin, as the testator should have had; so that all the executors do present the person of the testator as one person."

"(2) It is also enacted, that though the sheriff do answer at the summons, that some of them have nothing whereby he may be summoned, yet there shall an attachment be awarded upon them.

"(3) And if the sheriff answer, that he hath nothing whereby he may be attached, the great distress shall be awarded, so that at the great distress returned upon them, he or they that do first appear in the court shall answer to the plaintiff.

"(4) And although some of them have appeared in the court, and make default at the day that the great distress is returned upon the other, yet nevertheless he or they shall be put to answer, that first appear at the great distress returned.

"(5) And in case the judgment pass for the plaintiff he shall have his judgment and execution against them that have pleaded according to the law heretofore used, and against all others named in the writ, of the goods of the testator, as well as if they had all pleaded.

"(6) And it is to be understood, that if any in such case will sue according to the law that hath been used heretofore he may freely do it notwithstanding this statute."

It thus appears that at that early date the rule of the common law was modified, as to actions against joint executors, so far as to authorize a judgment against those that were served or appeared; and against all for a debt of the testator, upon service or appearance of one only, to bind the goods of the testator. And as the statute of 31 Edw. III, c. 11, provides that "administrators shall have action to recover debts due to, and shall account and be holden for the debts of, the testator, the same as executors," both executors and administrators were thereafter considered in law as one person. These venerable statutes are therefore the origin of the rule which declares "that several executors, or administrators as the case may be, shall be considered in law as one person, and shall represent the estate of the deceased, both in actions by and against them as such." Dickerson v. Robinson, 6 N. J. Law, 195, 10 Am. Dec. 396–399; Murray v. Blatchford, 1 Wend. (N. Y.) 583, 19 Am. Dec. 537; Dean v. Duffield, 8 Tex. 235, 58 Am. Dec. 108; Barry v. Lambert, 98 N. Y. 300, 50 Am. Rep. 677; Wheeler v. Wheeler, 9 Cow. (N. Y.) 34. Section 3410 of the Iowa Code, and similar statutes in some other states, are but re-enactments in modern terms of 9 Edw. III (Dickerson v. Robinson, 6 N. J. Law, 195, 10 Am. Dec. 396–399), and section 3338 expressly provides that notice of the hearing to establish the claim against the estate need be served on only one of the executors or administrators.

Some stress is laid in the opinion (Conolly v. Wells), upon the fact that the nonresident executor was not named in the pleadings as a party to the suit, and the fair inference from its reasoning is that had he been so named the suit might have been held to fall within the rule of Rouse v. Etherington, under the Wisconsin statute. But the fact alone that one is named as a party defendant in a suit, with-

out serving him with the subpœna or summons, does not make him such. Service of the process is necessary to accomplish this. Under the rule contended for, the nonresident executor would be equally an indispensable party to the proceeding if it was in the state court, and the claim could not be there established against the estate without his presence. But this cannot be true under the Iowa statute. If this proceeding was in the state court, there could be no hesitancy in holding that service only upon the executor residing in Iowa would authorize that court to establish the claim against the estate so as to bind the property of the deceased in Iowa. Whether or not it would bind property of the estate elsewhere, if any, need not now be considered. But see Hill v. Tucker, 13 How. 458, 14 L. Ed. 223.

As the federal court is governed by, and follows, the local laws in proceedings like this, it is only necessary in such a proceeding in that court to serve those whom it would be necessary to serve if the proceeding was in the state court; and such parties only are indispensable parties defendant either in the state or federal court. Of course, it is not to be understood from this that the property of the estate in the custody of the executor under authority of his appointment by the state court may be seized upon execution from this court in this proceeding. The judgment or order allowing the claim, if it shall be allowed, must take its place in its proper class with other established claims against the estate. Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Security Trust Co. v. Bank, 187 U. S. 211–227, 228, 23 Sup. Ct. 52, 47 L. Ed. 147; Mining Co. v. Blanden (C. C.) 136 Fed. 252–254.

The second plea rests upon the ground that an action by the plaintiff against the defendant, upon the same causes of action alleged in the petition, was pending in the state court at the time this action was commenced. The filing of the claim with the clerk of the state court within the prescribed time may be necessary to save it from the bar of the statute of limitations, or to fix its class, or the order in which it is entitled to payment. If filed within six months following the notice by the executor or administrator of his appointment, it belongs to claims of the third class, though notice of the hearing be not given until after that time. Code, § 3348; Phelps v. Greenbaum, 87 Iowa, 347, 54 N. W. 76. It cannot, however, be established as a claim against the estate, unless it is admitted or approved by an executor or administrator, until after notice has been given to one of them as required by section 3338 of the Code. If not filed within the 6 months aforesaid, it is a claim of the fourth class; and then it must be filed, and the notice served upon the executor or administrator within 12 months, or it is forever barred, unless peculiar circumstances entitle the claimant to equitable relief. Code, § 3349. The filing of the claim in the state court within such six months is but a reasonable precaution to fix its status as one of the third class, if it shall be finally established, and to save it from the bar of the statute, and does not defeat the jurisdiction of the proper circuit court of the United States to determine its validity or the amount due thereon. The proceeding to establish or prove the claim against the ex-

ecutors is essentially an independent suit inter partes, and not a matter of "pure probate jurisdiction," as defined in Broderick's Will, 21 Wall. 503, 22 L. Ed. 599, and again in Farrell v. O'Brien, 199 U. S. 89–110, 25 Sup. Ct. 727, 50 L. Ed. 101. And see Cooley v. Smith, 17 Iowa, 99; McCrary v. Deming, 38 Iowa, 527–531; Clough v. Ide, 107 Iowa, 669–671, 78 N. W. 697.

Conceding then, without deciding, that an action on the claim is pending in the state court from the time it is filed with the clerk, that is not sufficient ground for abating an action afterwards brought thereon in the Circuit Court of the United States. Stanton v. Embrey, Adm., 93 U. S. 548–554, 23 L. Ed. 983; Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761. Radford, Assignee, v. Folsom (C. C.) 14 Fed. 97, relied upon by defendant, must yield to the decision of the Court of Appeals, this circuit, in Barber Asphalt Paving Co. v. Morris, above.

It is also objected that this proceeding is but ancillary to the alleged action pending in the state court. From what has been said it will follow that this objection must be held to be not well taken.

The conclusion, therefore, is that the demurrer to each of the pleas should be sustained; and it is so ordered.