In re KIMBALL ESTATE, JOHN FLANIGAN, Appellant, v. ELLI-OTT KIMBALL, Appellee.

Estates of decedents: PREMATURE DISCHARGE OF ADMINISTRATOR: EF-
1  FECT. The discharge of an administrator or executor before the expiration of a year from the date of the first publication of notice to creditors is not binding upon a creditor without notice thereof, and his right to file his claim during the year was not affected thereby; the statutory time for filing being merely suspended during the time of the premature discharge.

Same: CLAIMS: EQUITABLE RELIEF. Where peculiar circumstances are
2  shown entitling a claimant against an estate to equitable relief, the court has power to act in his behalf after the discharge of the administrator or executor. Thus where the executor, sole beneficiary under the will, was prematurely discharged, the court had power to grant relief to a creditor of the estate who had no notice of the discharge, and who had not previously filed his claim,

*Appeal from Dubuque District Court.*—Hon. John W. Kintzinger, Judge.

Friday, January 17, 1913.

Action by the holders of a claim against the estate of N. W. Kimball, deceased, to set aside an order approving the final report of the executor and ordering his discharge. Defendant demurred to the petition and his demurrer was sustained. Claimant appeals.—*Reversed.*

*M. E. McEnany,* for appellant.

*Lyon & Lyon,* for appellee.

Deemer, J.—As the demurrer to the petition was sustained, the facts recited therein are admitted, and, even though the allegations be general, no motion having been made for a more specific statement, they must be accepted as true. It appears that defendant, Elliott Kimball, was appointed executor of the last will and testament of N. W. Kimball, deceased, on the 19th day of June, 1909. He gave notice of his appointment by publishing the statutory notice, the first of which publications was on the 3d day of July of the same year. He did not qualify until December 3, 1909, but on June 18, 1910, filed his report, and without notice to claimant herein was, on the same day, discharged. Plaintiff filed his claim in the office of the clerk of the district court on July 2, 1910, and on the same day served notice thereof upon the defendant. He commenced this action on the 21st day of October, 1910. Of the many questions argued we need consider but one, and that the validity of the order of discharge, which was entered before the expiration of one year from the time the executor was appointed.

Section 3338 of the Code provides that:

Claims against the estate shall be clearly stated, and,

if founded upon a written instrument, the same or a copy thereof and of all indorsements thereon shall be attached as a part of the statement, and if upon account, an itemized copy shall be attached, showing the balance; which statement must be sworn to and filed with the clerk of the district court, and ten days' notice of the hearing thereof—which shall be at some regular term of the court—accompanied by a copy of the claim, shall be served on one of the executors or administrators in the manner required for commencing ordinary actions, unless the same has been approved by the executor or administrator, in which case it may be allowed by the clerk, without notice, and so entered upon the probate calendar.

Section 3339 reads as follows:

All claims filed against the estate shall be entitled in the name of the claimant against the executor or administrator as such, naming the estate, and in all further proceedings thereon this title shall be preserved.

Section 3340 is in part as follows:

All claims filed, and not expressly admitted in writing signed by the executor or administrator, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate, but special defenses must be pleaded.

And section 3341 reads:

If a claim filed against the estate is not fully admitted by the executor or administrator, the court may hear and allow the same, or may submit it to a jury and on the hearing, unless otherwise provided, all provisions of law applicable to an ordinary action shall apply.

Sections 3348 and 3349 provide that:

Other demands against the estate shall be payable in the following order: "1. Debts entitled to preference un-

der the laws of the United States; 2. Public rates and taxes; 3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment; 4. All other debts; 5. Legacies and the distributive shares, if any. Section 3348.

All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or Supreme Court at the time of his death, or unless peculiar circumstances entitled the claimant to equitable relief. Section 3349 of the Code.

Section 3394 reads as follows:

On the expiration of six and within seven months from the first publication of notice of his appointment, and sooner if required by the court, the executor or administrator shall render his account to the court, showing the condition of the estate, its debts and effects, the amount of money received, and the disposition made of it; and from time to time, as may be required by the court, he shall render further accounts until the estate is finally settled, which final settlement shall be made within three years, unless otherwise ordered by the court. Such account shall embrace all matters directed by the court and pertinent to the subject.

And this is followed by these sections:

Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court. (Code, Section 3398.)

Any person interested in the estate may attend upon the settlement of his accounts and contest the same. Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application. (Code, Section 3399.)

Upon final settlement, an order shall be entered discharging him from further duties and responsibilities. (Code, Section 3400.)

Unless notice be waived in writing, no administrator, executor, guardian or trustee. shall be discharged from further duty or responsibility upon final settlement, until notice of the application shall have been served upon all persons interested as required for the commencement of a civil action, unless a different service be ordered by the court or judge, which order may be made before or after filing the final report.   (Code, Section 3422.)

From a reading of these statutes, it is clear that a final order of discharge of an executor should not be made until the expiration of a full year from the time of his appointment; and it is conceded that defendant was discharged before the expiration of that time, and that there still remained at least one day in which claims might have been filed.   The order of discharge was not binding, then, upon any claimant who had the right to file during this interim.   This is a direct attack upon the order by one who had the right to file, and as to him the order should be set aside, unless he has been guilty of such laches as to deprive him of the right, or by reason of failing to comply with some statute has lost his remedy. . As a rule, every claimant must file his claim within one year from the time of the first publication of notice, and if the claim is not allowed by the executor he must give notice of the filing to the executor.   Filing alone, after six months, amounts to nothing.   The claim must also be allowed by the executor, or notice given within the year.   Unless there be an executor vested with authority to allow the claim, or upon whom notice may be served, it is manifest that the statute cannot be complied with.   An executor who has been fully discharged by order of court has no authority to allow claims, and notice served upon him after his discharge would be of no effect.   A claimant's remedy in such cases would be by timely action to have the order of discharge set aside, and.

1.  Estates of Decedents: premature discharge of administrator: effect.

then immediately to file his claim and have it allowed, or to give notice to the executor. In other words, the statutory time for the filing of claims is suspended during the time the premature order of discharge remains of record. The rule applicable to the general statutes of limitations does not apply here. Before the passage of the act of the Thirty-First General Assembly, chapter 151, now known as section 3447-a of the Code Supplement, the death of debtor did not toll the statute (*Widner v. Wilcox*, 131 Iowa, 223) ; and this seems to be the general rule. See, however, *Alice Co. v. Blanden* (C. C.) 136 Fed. 252. But this rule should not be applied to such statutes as are now before us for construction. Here an affirmative act on the part of executor is required, to wit, to admit or allow the claim. If this be not done, then notice must be given to him within the twelve months provided by statute, and this continues down to the expiration of the last day. If, then, there be no executor who may admit or allow the claim, it would seem that the statute is, of necessity, suspended until there be such person in existence.

Aside from this, however, section 3349 contains an exception which we think, is applicable to the facts here pleaded. It provides that under peculiar circumstances entitling a claimant to equitable relief the statute does not apply. Should it appear that the estate was in such a situation that claimant could not comply with the statute, surely this would be a peculiar circumstance entitling him to equitable relief. True he did not, although he could have done so, file his claim within twelve months. But the filing of the claim alone would have given him no standing; for there was no executor authorized to act, or upon whom service of notice could have been made, and the filing would be a useless act. As a matter of fact the claim was filed July 2, 1910, and notice thereof was given to defendant. But for the order discharging him the claim would have been barred; for in such case there would be no equitable circumstances shown. As he had been discharged, the order was valid

2. SAME: claims: equitable relief.

until set aside. In other words, it was not entirely void. As to all who were notified and failed to appear and contest the order, it was valid and binding, although prematurely entered. The court had jurisdiction of the subject-matter and of the persons, and although it erroneously entered the order, it was not entirely void. The defendant is now relying upon the order, and is in no position to say that he is still, and has at all times been, executor, because the order of discharge was invalid. No notice was served upon claimant in this case, and none was required, unless he had a claim on file and had given the notice required by statute. *Boyle v. Boyle,* 126 Iowa, 167.

But it is admitted that he holds a valid claim against the estate, and there is no reason why it should not have been established. Although it does not appear in pleading, appellee's counsel admit in argument that defendant is the sole beneficiary under the will, which he had been appointed to administer, and that there were no other claims against the estate than the one filed by plaintiff. We take this admission, then, as an equitable circumstance, in connection with the other admitted facts, in giving claimant a standing in court. Other points need not be considered; for the ones already decided dispose of the case.

The trial court was in error in sustaining the demurrer, and the judgment must be, and it is, *Reversed.*